## D. S. FORBES, APPELLANT, VS. THE BOARD OF HEALTH OF ESCAMBIA COUNTY, APPELEE.

1. It is a well settled rule that when a repealing act re-enacts substantially the provisions of the act repealed, the latter is construed not to be thereby destroyed or interrupted in its operation.

2. The 9th section of the act of 1889, Chapter 3859, Laws of Florida, repealed the act of 1885, chapter 3603, Laws of Florida, but along with the repealing section, and taking effect at the same time, the legislature re-enacted substantially the provisions of the act of 1885, providing for the creation of county boards of health and constituting them corporations: *Held*, That the act of 1889 must be construed as an amendment of the act of 1885, creating county boards of health, and the boards created under the latter act are continued in existence with such modifications as are contained in the former act.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

Motion to dismiss appeal.

*John C. Avery* for the motion.

*R. L. Campbell* and *P. W. White, contra.*

MABRY, J.:

In September, 1888, appellant, D. S. Forbes, master of the British bark "Tiber," sued the Board of Health of Escambia county, a corporation existing under the laws of Florida, for $2,000 damages for detaining said bark for the space of twelve days, and compelling her to undergo and pay the cost of fumigation, and the discharge of her ballast at a quarantine station under an order and proclamation of said board made on the 23d day of April, 1888.

A demurrer to the declaration was sustained by the court below on the 22d day of October, 1888, with leave for complainant below to amend the declaration. On the rule day in November, 1888, he filed an amended declaration to which defendant below again demurred. The demurrer to the amended declaration was, on the 12th day of November, 1888, sustained, and plaintiff below not not wishing to further amend, it was ordered and adjudged by the court below that said plaintiff take nothing for his writ, and pay the costs of this suit for which defendant have execution. From this decis-

ion of the court plaintiff, on the 14th day of December, 1888, in open court entered an appeal to this court, and the transcript of the record was filed here on the 11th day of January, 1889.

Counsel for appellee filed in this court on April 17th, 1890, the following suggestion and motion: "And now comes John C. Avery, an attorney of this court, and attorney of record for appellee, and suggests to the court the dissolution of appellee as a corporation by virtue of Chapter 3859 of the Laws of Florida, and that the said case is accordingly abated, and should be dismissed by order of court, and he moves the court to so order." The question now to be disposed of is, has this suit abated for the reason stated in the foregoing suggestion? It is insisted on behalf of appellee that the act of the Legislature, Chapter 3603, Laws of Florida, approved February 16th, 1885, creating county boards of health, has been repealed by the 9th section of the act of the Legislature, Chapter 3859, Laws of Florida, approved June 7th, 1889, and that the corporate existence of appellee under the former act has become extinguished. The record shows that this suit has been instituted and was pending on appeal in this court at the time of the passage of the act of 1889. In support of his motion counsel for appellee cites several authorities sustaining the proposition that upon a dissolution or extinction of the legal existence of a corporation, all suits pending against it are thereby abated, the same as the death of a natural person *pendente lite* abates suits against him. Without questioning the

correctness of this proposition, we proceed to inquire whether or not the effect of the act of 1889 was to abrogate law of 1885 in the creation of county boards of health. The ninth section of the act of 1889 provides, in reference to the act of 1885, that "an act entitled an act to provide for the appointment of boards of health for the several counties of the State of Florida, and define their powers, approved February 16th, 1885, be, and the same is hereby, repealed." Along with this repealing section, however, and taking effect at the same time with it the Legislature re-enacted substantially the provisions of the act of 1885, providing for the creation of county boards of health and constituting them corporations. The first section of the act of 1885 provides that "the Governor of the State of Florida shall appoint for every county in this State a board of health consisting of five discreet persons, not less than two of whom shall be physicians of skill and experience, to serve without pay as hereinafter provided." The fifth section of this act provides that "every board of health, appointed under the provisions of this act, shall be a corporation with power to sue and be sued, contract and be contracted with, and to acquire and dispose of at pleasure property, both real and personal, and to do every other act necessary to the proper exercise of such powers." The first section of the act of 1889, Chapter 3859, provides that "the Governor of this State, with the advice and consent of the Senate, may, as soon as practicable after the passage of this act, appoint for every county in this State a board of

health, consisting of three discreet persons; provided, that members of county boards of health now established may serve out the term of office for which they were appointed." The eighth section of this act provides that "every board of health existing under the provisions of this act shall be a corporation, with power to sue and contract, and to acquire and dispose of property, both real and personal, and do every other act necessary to the proper discharge of its functions as a board of health." It is a well settled rule that when a repealing act re-enacts substantially the provisions of the act repealed the latter is construed not to be thereby destroyed or interrupted in its operation. Endlich on the Interpretation of Statutes, sec. 490, states the rule as follows: "It seems, indeed, to be the general understanding that the re-enactment of an earlier statute is a continuance, not a repeal of the latter, even though the latter act expressly repeals the earlier." This author further says in the same section, "but even a repealing act re-enacting the provisions of the repealed statute, in the same words, is construed to continue them in force without intermission, the repealing and re-enacting provisions taking effect at the same time." To repeal a law and at the same time re-enact it does not destroy it, or break its continuity. This rule of construction is sustained by numerous authorities. Wright vs. Oakley, 5 Metcalf, 400; Middleton vs. New Jersey West Line Railroad Co., 26 N. J. (Eq.), 269; United Hebrew Benevolent Association vs. Benshimol, 130 Mass., 325; Fullerton vs. Spring, 3

13

Wis., 667; Laude vs. Chicago & Northwestern Railway Co., 33 Wis., 640; Scheftels vs. Tabert, 46 Wis., 439: Steamship Company vs. Joliffe, 2 Wallace, 450; Libson vs. Clark, 18 N. H. 234. This rule of construction has also been applied to criminal statutes, and where the statute repealed is re-enacted in substantial terms by an act which takes effect at the same time as the repealing act, it is continued in uninterrupted operation, and judgment may be rendered upon a conviction under it, though the offense was committed and prosecution commenced before the repeal. State vs. Gumber, 37 Wis,, 298; State vs. Wish, 15 Neb., 448. An examination of these two statutes, Chapters 3603 and 3859, satisfies us that the legislature did not intend by the latter to abolish county boards of health created and existing under the former. At the time of the passage of the act of 1885 the constitutional provision requiring the legislature to establish a state board of health, and also county boards of health, contained in Article XV of the constitution of 1885, had not been adopted, and we think the object of the legislature in passing the act of 1889 was not to extinguish the existing county boards, but to so modify the law as to adjust them to the workings of a state board of health. Not only did the legislature manifest its intention not to abolish the county boards of health created under the act of 1885, by re-enacting substantially the provisions of this act, but other evidences of such intention are apparent in the act of 1889. The language of the first section of this act plainly recognizes

the existence and continuance of such boards. After enacting that the Governor may, with the advice and consent of the senate, appoint a board of health to consist of three members, it provides "that members of county boards of health now established may serve out the term of office for which they were appointed." Under the act of 1885, five members constituted the board, and under the act of 1889, three members were to be appointed. If the act of 1889 repealed the act of 1885, and abolished county boards of health existing at the date of the repeal, it is difficult to perceive how the members of the boards so abolished could serve out their terms.

The conclusion to which we have arrived after an examination of these two statutes is, that the act of 1889 must be construed as an amendment of the act of 1885 in creating county boards of health, and that the boards created under the latter act were continued in existence with such modifications as are contained in the former act. This being the case, it follows that the motion made by counsel for appellee must be overruled, and it is so ordered.