BOARD OF PUBLIC INSTRUCTIONS OF POLK COUNTY, *Appel-
lant,* v. BOARD OF COUNTY COMMISSIONERS OF POLK
COUNTY, *Appellee.*

1.  A constitution may be amended by implication in the adop-
    tion of amendments that by fair intendment and meaning
    and in effect accomplish such a result.

2.  Where there is a repugnancy between a constitutional amend-
    ment and some provision in the original, which cannot be so
    construed as to have them both stand and leave to each a
    legitimate office to perform, the original must be deemed to
    have been repealed by the amendment.

3.  An amendment of a constitution repeals or changes some
    provision in, or adds something to, the instrument amended.
    Where an amendment is the last expression of the will and
    intent of the law making power duly exercised, such amend-

ment is controlling, and prior provisions inconsistent with or repugnant to the amendment are modified or superseded to the extent of the inconsistency or repugnancy.

4. While implied repeals or amendments of constitutions or laws are not favored, yet the primary consideration is to give effect to the lawful intent of the lawmaking power as duly expressed, and this should be done even if it results in a repeal or modification of older inconsistent or repugnant provisions.

5. Where an amendment contains no express repeal or modification of existing provisions of law the old and the new provisions should stand and operate together if it can be done without contravening the intent of the lawmaking power as duly and fairly expressed in the later provision; but to the extent that a fair construction or interpretation of the new provision discloses inconsistency with, or repugnancy to an older provision, the later provision controls to effectuate the lawmaking intent.

6. In construing an amendment to the State constitution it is proper to consider the circumstances which led to the adoption of the amendment, and the purpose designed to be accomplished.

7. The provision of section 9 of Article XII of the constitution that "the net proceeds of all fines collected under the penal laws of the State within the county" shall be a part of the county school fund to "be disbursed by the county board of public instruction solely for the maintenance and support of public free schools," is repealed by the amendment to section 9 of Article XVI of the constitution adopted in 1894 requiring the counties to pay the legal costs and expenses of criminal prosecutions, and providing that "all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses."

This case was decided by Division A.

Appeal from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant,* for Appellant;

*Wilson & Swearingen,* for Appellee.

WHITFIELD, C. J.—The appellant sought by bill in equity in the Circuit Court for Polk County to in effect require the appellee county commissioners to ascertain and pay into the school fund of Polk county the net proceeds of all fines collected under the penal laws of the State in said county.

A demurrer to the bill of complaint was sustained and the bill dismissed. On appeal it is contended that the provision of section 9 of Article XII of the constitution that "the net proceeds of all fines collected under the penal laws of the State within the county" shall be a part of the county school fund to "be disbursed by the county board of public instruction solely for the maintenance and support of public free schools," is not affected by the amendment to section 9 of Article XVI of the constitution adopted in 1894 requiring the counties to pay the legal costs and expenses of criminal prosecutions, and providing that "all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses."

The amendment to section 9 of Article XVI of the constitution does not in terms purport to amend any other section or provision of the organic law; but a constitution may be amended by implication in the adoption of amendments that by fair intendment and meaning and in effect accomplish such a result.

"Where there is a repugnancy between a constitutional

amendment and some provision in the original, which cannot be so construed as to have them both stand and leave to each a legitimate office to perform, the original must be deemed to have been repealed by the amendment." People *ex rel.* Killeen v. Angel, 109 N. Y. 564, 17 N. E. Rep. 413; Popfinger v. Yutte, 102 N. Y. 38, 6 N. E. Rep. 259; State v. Cox, 8 Ark. (3 Eng.) 436.

An amendment of a constitution repeals or changes some provisions in, or adds something to, the instrument amended. Where an amendment is the last expression of the will and intent of the law making power duly exercised, such amendment is controlling, and prior provisions inconsistent with or repugnant to the amendment are modified or superseded to the extent of the inconsistency or repugnancy. While implied repeals or amendments of constitutions or laws are not favored, yet the primary consideration is to give effect to the intent of the lawmaking power as duly expressed, and this should be done even if it results in a repeal or modification of older inconsistent or repugnant provisions. Where an amendment contains no express repeal or modification of existing provisions of law the old and the new provisions should stand and operate together if it can be done without contravening the intent of the lawmaking power as duly and fairly expressed in the later provision; but to the extent that a fair construction or interpretation of the new provision discloses inconsistency with, or repugnancy to an older provision, the later provision controls to effectuate the lawmaking intent. In giving effect to the plain terms of the amendment to section 9 of Article XVI of the constitution requiring *all* fines collected to be applied to the payment of the legal costs and expenses of criminal prosecutions, the inevitable result is to supersede or repeal that portion of section 9 of Article XII which makes the net proceeds of fines collected a

part of the county school fund; and in view of the object designed to be accomplished and the terms used this must be held to have been the intent of the lawmaking power in proposing and adopting the amendment.

In construing an amendment to the State Constitution it is proper to consider the circumstances which led to the adoption of the amendment, and the purpose designed to be accomplished. State *ex rel.* Attorney General v. Bryan, 50 Fla. 393, 39 South. Rep. 929; 1 Cooley on Const. Lim. (7th ed.) 100.

In amending section 9 of Article XVI of the constitution the purpose designed was to transfer from the State to the counties the legal costs and expenses of criminal prosecutions in order that such expenditures may be more carefully guarded by county officials upon whom a direct and immediate responsibility in such matters was cast. As an incident to this charge and for the purpose of aiding the counties in the burden put upon them it was expressly provided that *all fines* and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses.

The provision requiring *all fines* collected to be paid into the general county fund to be applied to the payment of the legal costs and expenses of criminal prosecutions in the county, is wholly inconsistent with the original provision in section 9 of Article XII that the *net* fines should be used for school purposes.

The amendment should be given the effect required by a fair interpretation of its plain terms to accomplish the evident design to aid the counties in the burden put upon them, and such effect necessarily is a repeal by implication of the former provision contained in section 9 of Article XII. If *all fines* collected in the county are to be "applied" to the payment of the legal costs and expenses,

including the fees of officers, in criminal prosecutions in the county, there would not in contemplation or in fact be any "net proceeds" to be used for school purposes. The fact that the legislature may provide other sources of revenue for paying the costs of criminal prosecutions and that a surplus may exist in the funds provided from all sources for the payment of the costs of criminal prosecutions, does not effect the amendment to the constitution. The purpose, the plain terms and the legal effect of the amendment to section 9 of Article XVI requiring *all fines* collected to be applied to criminal prosecutions necessarily repeal by implication the provision of section 9 of Article XII providing that "the net proceeds of all fines" shall be used solely for school purposes.

The decree is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.