Perry v. Consolidated Spl. Tax School Dist. Hillsborough Co.—Syllabus.

CLYDE PERRY, *Appellant*, v. CONSOLIDATED SPECIAL TAX SCHOOL DISTRICT NO. 4, IN HILLSBOROUGH COUNTY, FLORIDA; THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, IN ITS OWN BEHALF AS WELL AS FOR AND ON BEHALF OF CONSOLIDATED SPECIAL TAX SCHOOL DISTRICT NO. 4, IN HILLSBOROUGH COUNTY, FLORIDA, J. G. BEDINGFIELD, JOHN C. HUSKISSON AND JOEL A. EPPS, AS TRUSTEES OF CONSOLIDATED SPECIAL TAX SCHOOL DISTRICT NO. 4, IN HILLSBOROUGH COUNTY, FLORIDA, *Appellees*.

En Banc.

Opinion Filed March 18, 1925.

1. Under the provisions of Section 1 of Article XVII of the State Constitution, any *amendment* to that instrument, that is proposed by the Legislature and approved and adopted by a majority of the votes of the electors of the State voting thereon, in compliance with the requirements of said section, takes effect and becomes operative, as part of the Constitution *eo instanti* upon its receiving the approving majority of the votes of the electors voting thereon.

2. Amended Section 17 of Article XII became operative upon its adoption at the general election in 1924, and its legal effect is to amend and supersede or modify any inconsistent provision contained in Section 17, Article XII as adopted in 1912, and to prescribe additional controlling regulations with reference to the issuing of bonds by special tax school districts. Section 17, Article XII, as amended in 1924, also operates to amend and to supersede or modify the statutory provisions regulating the issuance of special tax school district bonds in so far only as such statutory provisions are repugnant to or inconsistent with the controlling organic provisions contained in Amended Section 17 of Article XII.

3. Section 579 of Revised General Statutes as amended by Chapter 8543, Acts of 1921, and Sections 580 *et seq.* Revised Gen-

eral Statutes are sufficient to effectuate Amended Section 17, Article XII, since the organic provisions that conflict with some of the statutory regulations operate to supersede or modify the latter without destroying the efficacy of the statutory provisions.

4. The provision in Amended Section 17 of Article XII that "a special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable, shall be levied on the taxable property within the district" without limiting the amount of the tax levy, operates to supersede the limitation of such levy to five mills contained in the organic section before its amendment and in the statute, Section 593, Revised General Statutes.

5. Existing statutes are sufficient to effectuate Amended Section 17, Article XII, Constitution; and the modifications effected by the organic amendment do not render the statutes ineffectual.

6. The new and additional regulations contained in the organic amendment that do not modify statutory provisions may be applied in issuing bonds, though such new organic provisions are not contained in or contemplated by present statutes. The validity of the bond issue is not dependent upon a tax levy already made.

7. Under Section 17, Article XII of the Constitution as amended in 1924, there is a continuing mandatory organic command and duty to levy a sufficient "special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable."

An Appeal from the Circuit Court for Hillsborough County; L. L. Parks, Judge.

Affirmed.

*John Bell,* for Appellant;

*W. F. Himes,* for Appellees.

WHITFIELD, J.—In proceedings brought under the statute (Secs. 598, 3296, 3297, 3298, Rev. Gen. Stats., 1920,) to validate bonds sought to be issued by a Special Tax School District pursuant to Section 579, Revised General Statutes of 1920, as amended by Chapter 8543, Acts of 1921, and Section 580 *et seq.,* Revised General Statutes, 1920, the Circuit Court decreed "that the petitioner, Consolidated Special Tax School District No. 4, in Hillsborough County, Florida, is duly created, organized and existing special tax school district under the Constitution and laws of the State of Florida, existing both *de facto* and *de jure;* that said Consolidated Special Tax School District No. 4 in Hillsborough County, Florida, is invested with all the powers and prerogatives of a Special Tax School District under the Constitution and laws of the State of Florida, including the authority to issue, dispose of, have validated and levy taxes to pay bonds issued by such Special Tax School District, in conformity with the Constitution and laws of said State; that said Consolidated Special Tax School District No. 4 in Hillsborough County, Florida, has continued at all times to be a special tax school district under the Constitution and laws of the State of Florida, from and after the expiration of thirty (30) days from and after the 25th day of June, A. D. 1924, and the said J. G. Bedingfield, John C. Huskisson and Joel A. Epps have continued at all times to be the duly constituted and acting Trustees of said District subsequent to the creation of said District as last aforesaid.

"It is further by the Court FOUND, ORDERED, ADJUDGED AND DECREED THAT THE EQUITIES of this cause are with the petitioners, and that petitioners are entitled to the relief prayed for in said petition; that the Amendment to Section 17 of Article 12 of the Constitution of the State of Florida, proposed and agreed to by the Legislature of the State of Florida, at its regular session held

274      SUPREME COURT OF FLORIDA.

Perry v. Consolidated Special Tax School Dist. No. 4—Opinion of Court.

in the year A. D. 1923, and adopted at the general election held in the said State in the month of November, A. D. 1924, is self-executory, in full force and effect, and that under and by virtue of said last mentioned Amendment and the proceedings in the petition alleged, said Consolidated Special Tax School District No. 4 in Hillsborough County, Florida, is entitled to issue, dispose of and have validated the bonds in the petition mentioned and hereinafter fully set forth; that the said bonds herein mentioned and hereby validated, together with the existing indebtedness of said Special Tax School District, do not exceed, but are less than twenty per cent of the assessed values of the taxable property of said district, according to the last assessment for State and county purposes prior to the issuing of said bonds, and said bonds conform to the Constitution and Laws of the State of Florida, with respect to the maturities thereof; and said Consolidated Special Tax School District is authorized to levy, and it is the duty of said District to cause to be levied, such special tax upon all the taxable property within said District as necessary to pay the interest on said bonds and the principal thereof, as the same become due and payable, and that no limit is imposed by the Constitution or Laws of the State of Florida upon the amount of such tax, and that no further Act of the Legislature of the State of Florida is necessary to authorize the issuance of said bonds or the levy of such special tax upon all taxable property within said District, as necessary to pay the interest on said bonds, and the principal thereof, as the same shall become due and payable.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there are hereby in all respects validated and confirmed, the bonds in said petition mentioned and hereinafter next stated, to-wit:  Bonds by Consolidated Special Tax School District No. 4 in Hillsborough County, Florida, aggregating the principal sum of One Million

($1,000,000.00) Dollars, dated January 1st, A. D. 1925, bearing interest at the rate of 5 per cent per annum, payable semi-annually on January 1st and July 1st of each year, with interest coupons for said semi-annual interest attached, issued in denominations of bonds of One Thousand ($1,000.00) Dollars each, numbered from 1 to 1000 inclusive, payable 30 bonds annually on January 1st of each of the years 1927 to 1936 inclusive; 35 bonds annually on January 1st of each of the years 1927 to 1941 inclusive; 50 bonds annually on January 1st of each of the years 1942 to 1946 inclusive; 55 bonds annually on January 1st of each of the years 1947 to 1951 inclusive;''

An intervenor tax payer appealed as authorized by Section 3298, Revised General Statutes of 1920.

The contention here is that the bonds should not be issued until there is legislation to effectuate the new organic provision on the subject.

At the General Election in 1912 the following section was added to Article XII of the State Constitution:

''Sec. 17. The Legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, whenever a majority of the qualified electors thereof, who are freeholders, shall vote in favor of the issuance of such bonds.

An amendment proposed by the Legis'ature in 1923 was adopted by the electors at the General Election in 1924, viz.:

''That the following amendment of Section 17 of Article 12 of the Constitution of the State of Florida, as ratified at the General Election of Representatives held in the year 1912 be and the same is hereby agreed to and shall be submitted to the electors of the State at the next General Election of Representatives to be held in the year 1924, for

ratification or rejection. That said Section 17 shall be amended so as to read as follows:

"Sec. 17. The Legislature may provide for special tax school districts to issue bonds for the exclusive use of public free schools within any such special tax school district, whenever a majority of the qualified electors thereof who are freeholders shall vote in favor of the issuance of such bonds, but no bonds shall be issued hereunder which shall exceed, together with the existing indebtedness of such special tax school district 20 per cent of the assessed value of the taxable property of such district according to the last assessment for State and county purposes prior to the issuing of such bonds. Any bonds issued hereunder shall become payable within thirty years from the date of issuance in annual installments which shall commence not more than three years after the date of issue. Each annual installment shall be not less than three per cent of the total amount of the issue. Whenever any such special tax school district has voted in favor of the issuance of such bonds a special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable, shall be levied on the taxable property within the district voting for their issuance in accordance with law, providing for the levy of taxes and such tax shall not be applied to any purpose other than the payment of the principal and interest of said bonds."

This latter organic provision purports to be and is an amendment of a designated section of the existing Constitution. It re-adopts one portion and amends another portion of the then existing organic section, and also adds new provisions not contained in the then existing Constitution or statues.

Under the provisions of Section 1 of Article XVII of the State Constitution, any *amendment* to that instrument, that is proposed by the Legislature and approved and

adopted by a majority of the votes of the electors of the State voting thereon, in compliance with the requirements of said section, takes effect and becomes operative, as part of the Constitution *eo instanti* upon its receiving the approving majority of the votes of the electors voting thereon. *In re* Advisory Opinion to the Governor, 34 Fla. 500, 16 South. Rep. 410.

''Where a Constitution is revised or amended, the new provisions come into operation at the same moment that those they take the place of cease to be of force; and if the new instrument re-enacts in the same words provisions which it supersedes, it is a reasonable presumption that the purpose was not to change the law in those particulars, but to continue it in uninterrupted operation. This is the rule in the case of statutes, and it sometimes becomes important, where rights had accrued before the revision or amendment took place. Its application to the case of an amended or revised Constitution would seem to be unquestionable.'' Cooley's Const. Lim. (7th ed.) pp. 96, 97.

''The established rules of construction applicable to statutes also apply to the construction of constitutions.'' 8 Cyc. p. 729.

''Where an amendment contains no express repeal or modification of exisiting provisions of law the old and the new provisions should stand and operate together if it can be done without contravening the intent of the lawmaking power as duly and fairly expressed in the latter provision; but to the extent that a fair construction or interpretation of the new provision discloses inconsistency with, or repugnancy to an older provision, the later provision controls to effectuate the lawmaking intent. Board of Public Instruction of Polk County v. Board of Com'rs. of Polk County, 58 Fla. 391, text 392, 50 South. Rep. 574.

278    SUPREME COURT OF FLORIDA.

Perry v. Consolidated Special Tax School Dist. No. 4—Opinion of Court.

"Statute law is not abrogated or annulled by mere re-enactment or repetition; and when, for purposes of enlargement, contraction, or otherwise, a statute is re-enacted or repeated with amendments, the amendatory act is to be regarded as an affirmation and continuance of the prior law, in so far as in substance and operation it is the same, and is to be regarded as new legislation only in so far as in substance or operation it differs from the prior law." Great Northern Ry. Co. v. United States, 155 Fed. Rep. 945; Great Northern R. Co. v. United States, 208 U. S. 452, 28 Sup. Ct. Rep. 313; Forbes v. Board of Health of Escambia County, 27 Fla. 189, 9 South. Rep. 446; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; State *ex rel.* Buford, Attorney General v. Watkins, 88 Fla. 392, 102 South. Rep. 347, text 361.

Amended Section 17 of Article XII became operative upon its adoption at the General Election in 1924, and its legal effect is to amend or supersede or modify any inconsistent provision contained in Section 17, Article XII as adopted in 1912, · and to prescribe additional controlling regulations with reference to the issuing of bonds by special tax school districts. Section 17, Article XII, as amended in 1924, also operates to amend and to supersede or modify the statutory provisions regulating the issuance of special tax school district bonds in so far only as such statutory provisions are repugnant to or inconsistent with the controlling organic provisions contained in Amended Section 17 of Article XII.

Section 579 of Revised General Statutes as amended by Chapter 8543, Acts of 1921, and Sections 580 *et seq.* Revised General Statutes, are sufficient to effectuate Amended Section 17, Article XII, since the organic provisions that conflict with some of the statutory regulations operate to supersede or modify the latter without destroying the efficacy of the statutory provisions. See Jacksonville, T. & K.

W. Ry. Co. v. Adams, 33 Fla. 608, 15 South. Rep. 257; Hall v. Moran, 81 Fla. 706, 89 South. Rep. 104; Johnson v. State, 81 Fla. 783, 89 South. Rep. 114; Neal v. Delaware, 103 U. S. 370; Graves v. Eubank, 205 Ala. 174, 87 South. Rep. 587.

The provision in Amended Section 17 of Article XII that "a special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable, shall be levied on the taxable property within the district" without limiting the amount of the tax levy, operates to supersede the limitation of such levy to five mills contained in the organic section before its amendment and in the statute, Section 593, Revised General Statutes.

The previously enacted statute is sufficient to effectuate the organic provisions, and the modifications effected by the organic amendment do not render the statute ineffectual. The new and additional regulations contained in the organic amendment that do not modify statutory provisions may be applied in issuing bonds, though such new organic provisions are not contained in or contemplated by present statutes. The validity of the bond issue is not dependent upon a tax levy already made. There is a continuing mandatory organic command and duty to levy a sufficient "special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable."

Affirmed.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur.