C. T. PORTER, as Tax Collector of Bay County, Florida, *Appellant,* v. THE FIRST NATIONAL BANK OF PANAMA CITY, FLORIDA, a Corporation, *Appellee.*

Opinion filed December 6, 1928.

Petition for rehearing denied January 15, 1929.

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant for the Appellant.

*J. M. Sapp,* for Appellee.

WHITFIELD, J.—This appeal is from a decree perpetually enjoining the Tax Collector of Bay County from collecting taxes levied for the years 1925 and 1926 upon the capital stock of a national bank. The court held that under the provisions of Sec. 1, Article IX of the Constitution of Florida, as amended in 1924, intangible property was not assessable in 1925 and 1926 at a higher rate than 5 mills on the dollar of the assessed valuation, and that as no statute authorizes such a special levy on intangible property as distinguished from tangible property, the levy is invalid, the capital stock of the bank being held to be intangible property.

The constitutional provision as amended is as follows:

Section 1. The Legislature shall provide for a uniform and equal rate of taxation (except that it may

provide for special rate or rates on intangible property, but such special rate or rates shall not exceed five mills on the dollar of the assessed valuation of such intangible property, which special rate or rates, or the taxes collected therefrom, may be apportioned by the Legislature, and shall be exclusive of all other state, county, district and municipal taxes) ; and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes.

The language contained in the parenthesis was incorporated in the organic section by adoption at the general election in November, 1924.

Prior to the amendment, the organic law required "a uniform and equal rate of taxation" upon "all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes," no distinction being made by the laws of the State between tangible and intangible property for taxation purposes. "All public stocks or shares in all incorporated or unincorporated companies," are by the statute classed as "personal property," and made subject to taxation as other personal property and real property. Sec. 696, Rev. Gen. Stats. 1920; Sec. 896, Comp. Gen. Laws 1927.

The amendment of Sec. 1, Article IX, became "a part of the constitution," upon its being adopted at the general election in November, 1924, Sec. 1, Article XVII; Advisory Opinion to the Governor, 34 Fla. 500, 16 So. R. 410; but the effect and operation of the amendment depend upon its terms and purposes. Manifestly the amend-

ment incorporated in Sec. 1 of Article IX, is intended to operate, upon appropriate legislation duly enacted, as an exception to the organic general rule of uniformity and equality in the rate of taxation. The amendment gives the Legislature permission to make an exception to the general rule of uniformity and equality as to the rate of taxation on all property not exempt from taxation, by providing for special tax rates "on intangible property"; and commands that "such special rate or rates shall not exceed five mills on the dollar of the assessed valuation of such intangible property." The amendment is not self executing or mandatory, but merely confers upon the Legislature permissive authority to provide for special rates of taxation on intangible property, though the amendment contains a mandatory limitation as to special rates of taxation when such special rates are duly provided for on intangible property. Therefore until the Legislature does duly provide for special tax rate or rates on intangible property, the organic general rule of uniformity and equality in the rate of taxation of all property, real and personal, including intangible property, remains in force. When, however, the permissive authority conferred upon the Legislature is exercised, and provision is duly made by the Legislature for special rates of taxation on intangible property, the rate or rates "shall not exceed five mills on the dollar of the assessed valuation of such intangible property," even though the tax rate on other classes of property be greater. The amendment to the constitution referred to in the Advisory Opinion, 34 Fla. 500, 16 So. R. 410, is mandatory in all its provisions, and became operative upon its adoption.

The Legislature has not exercised the permissive authority conferred upon it to provide for special rates of taxation on intangible property; therefore the statute requiring "all public stocks or shares in all incorporated

or unincorporated companies" to be assessed as other personal property, is the controlling law when applied as the constitution requires. See Leser v. Lowenstein (Md.) 98 Atl. R. 712.

Reversed.

ELLIS. C. J., AND TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

PER CURIAM.—If the organic command that "the Legis-shall provide for a uniform and equal rate of taxation" be regarded as a limitation and not as a grant of legislative power, and if the words added by the amendment viz.: "except that it may provide for special rate or rates on intangible property, but such special rate or rates shall not exceed five mills on the dollar," be regarded as further limitations, the maximum "five mills" apply only to "such special rate or rates," and as no "such special rate or rates" have been provided for by the Legislature the maximum rate has nothing upon which to operate. Obviously the section as amended is not so worded as to impose a taxation maximum of five mills upon intangibles whether the Legislature shall "provide for special rate or rates" on intangibles or not.

Rehearing denied.

WHITFIELD, P. J., TERRELL, STRUM, BROWN, AND BUFORD, J. J. Concur.