Orange County brought an action against B. M. Robinson to recover $12,822.13 for fees and commissions, and $2,369.23 for salaries collected by the defendant as Clerk of the Circuit Court, as fees, commissions and salaries in excess of the amounts allowed to the Clerk by the statute for his yearly compensation.
The following judgment was rendered by the court:
 "JUDGMENT.
"This cause came on to be heard on the pleadings, the stipulation of the parties hereto, and the report of W. Y. Mickle and Charles C. Potter, dated February 17, 1932, which report is submitted to the Court in accordance with said stipulation, and the Court, upon consideration thereof, and after hearing the arguments of counsel and being sufficiently advised in the premises finds that the defendant was the Clerk of the Circuit Court of Orange County from *Page 404 
May 2, 1923, continuously until December 31, 1930; that from May 2, 1923, until May 21, 1927, defendant received the maximum compensation allowed by Chapter 9270, and earned as fees and commissions of his said office, the sum of $5,232.55, which said fees and commissions were collected by the defendant subsequent to May 21, 1923, and prior to December 31, 1930; the Court finds, as a matter of law, that plaintiff is not entitled to recover said sums, the Court being of opinion that Chapter 9270 was totally repealed by Chapter 11954, and that upon such repeal, the defendant became entitled to all fees and commissions earned prior to May 21, 1927, which had not been paid into the funds of Orange County; and the Court further finds that from May 21, 1927, to December 31, 1930, the Board of County Commissioners of Orange County paid to defendant a salary for his services as Clerk of the said Board of County Commissioners, which salary was not included by defendant in the computation of excess fees to be returned to Orange County; that, including said salary, and excluding the aforesaid fees earned while Chapter 9270 was in force, but collected after its repeal, the defendant received as excess fees, that is, net income as defined by law, less the amounts allowed as compensation, the sum of $20,136.03 during the period beginning on May 21, 1927, and ending on December 31, 1930, and that, for said period, the defendant has paid to the proper fund of Orange County, the sum of $14,465.87, and that there is now due to plaintiff the sum of $5,670.16.
"It is therefore CONSIDERED, ORDERED and ADJUDGED, That the plaintiff do have and recover of and from the defendant the sum of $5,670.16 with interest thereon at the rate of 8 per cent. from date until paid."
Chapter 11954, Acts of 1927, did not repeal Chapter 9270, *Page 405 
Acts of 1923, except insofar as the provisions of the later Act conflict with those of the earlier Act.
" 'Statute law is not abrogated or annulled by mere reenactment or repetition; and when, for purposes of enlargement, contraction, or otherwise, a statute is re-enacted or repeated with amendments, the amendatory act is to be regarded as an affirmation and continuation of the prior law, insofar as in substance and operation it is the same, and is to be regarded as new legislation only insofar as in substance or operation it differs from the prior law.' Great Northern Ry. Co. v. United States, 155 F. 945, 84 C. C. A. 93; Great Northern R. Co. v. United States, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567; Forbes v. Board of Health of Escambia County,27 Fla. 189, 9 So.2d 446, 26, Am. St. Rep. 63; Florida Cent. P. R. Co. v. Foxworth, 41 Fla. 1, 25 So.2d 338, 79 Am. St. Rep. 149. Perry v. Consolidated Spl. Tax School Dist. No. 4, 89 Fla. 273,103 So.2d 639."
Fees, commissions, etc., due under Chapter 9270 must be accounted for even though such fees, commissions, etc., are not collected until Chapter 11954 became effective.
Chapter 9270, Acts of 1923, as amended by Chapter 11954, Acts of 1927, Section 2865, Compiled General Laws, provides that each county officer whose compensation for his official duties is paid wholly or partly by fees or commissions, shall receive as his yearly compensation for his official services all or stated portions of the net income from fees or commissions "collected by him" not to exceed stated amounts "per year."
"The fees prescribed by law represent the charge made by the State for services rendered by it through certain designated officers, and the State may give all the fees to the officer as his compensation or it may give him a portion only and retain the remainder to be applied to such purposes as the legislature may determine." "Amounts received by *Page 406 
the officer for services rendered by virtue of the office in excess of the sum the officer is allowed from the 'net income' of the office as his 'yearly compensation', are held in trust by the officer to be accounted for and paid over by the officer as required by the statute." Martin v. Karel, 106 Fla. 363,143 So.2d 317; State, ex rel., Buford v. Spencer, 81 Fla. 211, 87 So. 634; Sparkman v. Co. Budget Com., 103 Fla. 242, 137 So.2d 809; Flood v. State, ex rel., 100 Fla. 70, 129 So.2d 864; Orange County v. Robinson, filed May 26, 1933.
Under the Constitution "the Legislature shall provide for the election by the qualified electors in each county of * * * a clerk of the circuit court," whose "powers, duties and compensation shall be prescribed by law." Section 6, Article VIII. The Clerk of the Circuit Court shall also be Clerk of the Board of County Commissioners and ex-officio auditor of the county. Section 15, Article V.
Section 2153 (1475), Compiled General Laws, provides that the Board of County Commissioners of each county shall have power, at any legal meeting, "to regulate the compensation of the County Clerk while acting for the county or for the Board of County Commissioners." Section 4868 (3085), Compiled General Laws, provides that the compensation of the Clerk of the Circuit Court "as Clerk of the Board of County Commissioners shall be fixed by the Board of County Commissioners, and upon a basis proportionate to the compensation allowed by law for other services."
Whether under the above organic provision that the clerk's "compensation shall be prescribed by law," and the provisions of the above quoted Section 2153 (1475) and Section 4868 (3085), Compiled General Laws, the Board of County Commissioners may legally fix a salary for the services rendered by the Clerk of the Circuit Court as Clerk of the Board of County Commissioners, it is not necessary now to determine, since such a salary when paid must be *Page 407 
included in the income of the office from which the allowance of the yearly compensation of such clerk is to be deducted, and the remainder paid to the county under the statute. Sections 2865, et seq., Compiled General Laws. The county may recover legal interest on amount withheld from it in violation of law.
Reversed.
ELLIS, TERRELL and BUFORD, J. J., concur.
DAVIS, C. J., disqualified.
BROWN, J., dissents in part.