132 So.2d 163 (1961)
In re ADVISORY OPINION TO THE GOVERNOR.
Supreme Court of Florida.
July 20, 1961.
*164 PER CURIAM.
 Supreme Court of Florida
 Tallahassee
 July 17, 1961
Honorable Farris Bryant
Governor, State of Florida
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of July 14, 1961, requesting our opinion in regard to a question affecting your executive duties and powers as authorized by Section 13, Article IV, Florida Constitution, F.S.A.
Omitting the formal parts your communication is as follows:
"The County Judge of Duval County has recently notified me that due to a greatly increased workload it has become virtually impossible for a single judge to efficiently perform the required duties of that office. He requests that, pursuant to certain authorities hereafter cited, I appoint an additional County Judge for Duval County. The Attorney General of Florida has suggested that I seek an advisory opinion from the Justices of the Supreme Court in reference to this matter. Such action is separately urged by members of the legislative delegation of the county and by representatives of the local bar association.
"Section 7, Article V of the Florida Constitution, states:
"`In any county having a population of more than two hundred and fifty thousand according to such census, (i.e., last decennial federal census) the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof.'
"Prior to the adoption in 1956 of the above Section 7, Article V, Section 16A of Article V, Florida Constitution, Florida Statutes, 1955, provided:
"`Additional county judge for certain counties.  When and as the business of the office of the County Judge requires, in any county having a population of more than two hundred and fifty thousand according to the last census taken by the United States government, the Legislature may provide for one additional County Judge who shall be elected by the qualified electors of such county at the time and places of voting for other county officers and such additional County Judge shall hold his office for four years, and his compensation shall be provided for by law, and he shall have and exercise all the powers and perform all the duties that are or may be provided or prescribed by the Constitution or statutes for County Judges, and all laws relating to the County Judge shall apply to said additional County Judge.'
"This section, passed by the 1949 Legislature as House Joint Resolution 85-X, was adopted in 1950.
"It is apparent that neither the provisions of the present Section 7, Article V, Florida Constitution, nor the former Section 16A of Article V, Florida Constitution, are self-executing so as to authorize additional County Judges; each requires legislative implementation.
"The 1949 Legislature simultaneously with House Joint Resolution 85-X, enacted Chapter 25477 authorizing an additional County Judge in all counties having a population of more than 300,000 inhabitants.
"Under the authority of former Section 16A, supra, the Legislature authorizes an additional County Judge in all counties having a population of 325,000 *165 or more. Chapter 26835, Laws of Florida, 1951.
"The 1959 Legislature enacted [F.S.A.] Section 11.031(3) which appears to postpone the effect of the 1960 federal decennial census upon population acts of the Legislature enacted prior thereto until July 1, 1961.
"The 1960 census reveals that Duval County has a population of four hundred fifty-five thousand four hundred and eleven (455,411).
"The Constitution provides that `when any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.' Section 7, Article IV, Florida Constitution.
"Under the State Constitution I am required to commission any county officers before they enter upon the duties of their offices. Section 7, Article VIII, Florida Constitution.
"`The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.' Section 6, Article XVIII, Florida Constitution.
"In view of the foregoing constitutional provisions and statutes, may I, as Governor, subsequent to July 1, 1961, appoint an additional County Judge in Duval County which has under the 1960 census grown into the provisions of Chapter 25477, Laws of Florida, 1949 or Chapter 26835, Laws of Florida, 1951."
Your question is answered in the affirmative, insofar as Chapter 26835, Laws of Florida, 1951, is concerned.
At the risk of extending the length of this opinion, but in the interest of a coherent discussion of the background leading to our conclusion, we deem it advisable to trace the history of the constitutional and legislative provisions regarding the election of county judges in the several counties.
Originally, Section 16, Article V, of the Constitution provided:
"County judges.  There shall be in each county a County Judge who shall be elected by the qualified electors of said county at the time and places of voting for other county officers and shall hold his office for four years. His compensation shall be provided for by law."
This provision obviously limited to one the number of county judges in each county. There was no change until the general election of 1950, when the electorate approved Section 16A, Article V, which reads as follows:
"Additional county judge for certain counties.  When and as the business of the office of the County Judge requires, in any county having a population of more than two hundred and fifty thousand according to the last census taken by the United States government, the Legislature may provide for one additional County Judge who shall be elected by the qualified electors of such county at the time and places of voting for other county officers and such additional County Judge shall hold his office for four years, and his compensation shall be provided for by law, and he shall have and exercise all the powers and perform all the duties that are or may be provided or prescribed by the Constitution or statutes for County Judges, and all laws relating to the County Judge shall apply to said additional County Judge."
*166 This amendment had been proposed by House Joint Resolution 85-X, adopted at the 1949 Session of the Legislature.
During the regular session of 1949, the Legislature enacted Chapter 25477, which purportedly became effective June 13, 1949. As pointed out in your letter, this statute simply provided that "in all counties of this State having a population of 300,000 or more inhabitants according to the latest Federal or State census, there shall be a County Judge in addition to the County Judge provided by the Constitution; * *"
It should be noted that when Chapter 25477, Laws of 1949 was enacted, the original constitutional provision, Section 16, Article V, supra, was still in effect. This provision authorized only one county judge in each county. Consequently, the 1949 statute, Chapter 25477, supra, purporting to authorize an additional county judge in each county having 300,000 or more inhabitants was without force and effect. This disposes of the 1949 statute. It has no bearing on our ultimate judgment.
Subsequently, in 1954, the electorate approved Section 16b Article V, Florida Constitution, which had been proposed by House Joint Resolution 757, of the 1953 Legislature. This addition reads as follows:
"Section 16b. When and as the business of the office of the County Judge requires, in any county having a population of more than 125,000 according to the last official census of Florida, the Legislature may provide for one or more additional County Judges who shall be elected by the qualified electors of such county at the time and places of voting for other county officers and such additional County Judge or Judges, shall hold said office for four years and said Judge's or Judges' compensation shall be provided for by law, and he or they shall have and exercise all the powers and perform all the duties that are or may be provided or prescribed by the Constitution or Statutes for County Judges, and all laws relating to the County Judge shall apply to said additional County Judge or Judges. Provided, however, that any law enacted by the Legislature providing for additional county judges shall require a referendum thereon, and such law shall not become effective until it is ratified by a majority of the voters of the County affected who participate in said election."
An examination of the last quoted provision reveals that several significant elements were added. For example, an additional county judge was conditioned upon the time "when and as the business of the office of County Judge requires." Also it was applicable to all counties having a population of more than 125,000, but it was permissive in that it provided that "the Legislature may provide for one or more additional County Judges" in said counties. A further stipulation was that any law enacted by the Legislature providing for such judges "shall require a referendum thereon."
Finally, when Article V was revised in its entirety and approved by the electorate in 1956, the present Section 7, Article V, Florida Constitution emerged. We quote Section 7(2), Article V, to point out that it is obviously, a composite revision of its various constitutional predecessors dealing with the selection of county judges and the number authorized for various counties. This key provision reads as follows:
"(2) County Judges. There shall be in each county not less than one county judge who shall be elected by the qualified electors of said county at the time and places of voting for other county officers and shall hold his office for four years. His compensation shall be provided for by law.
"In any county having a population in excess of one hundred and twenty-five thousand, and not more than two *167 hundred and fifty thousand, according to the last decennial federal census, or census authorized by the legislature and paid for by the county, the legislature may provide for an additional county judge for such county, provided, that any law having for its purpose the creating of an additional county judge in such county shall not become effective unless ratified by a majority of the participating voters of such county at an election presenting the same for approval or rejection. In any county having a population of more than two hundred and fifty thousand according to such census, the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof."
An analysis of this currently effective provision will reveal that there must be "in each county not less than one county judge." The provisions for additional county judges relate to two different classifications of counties based primarily on population. These two separate categories comprehend two mutually exclusive classes of counties.
In the group of counties with a population in excess of 125,000 and not more than 250,000, "the legislature may provide for an additional county judge" subject to the proviso that any authorizing statute "shall not become effective unless ratified by a majority of the participating voters of such county" in an election at which the question is submitted. The other group of counties now provided for are separately described by the last sentence of the current constitutional provision which we have quoted. That sentence simply provides that "in any county having a population of more than two hundred fifty thousand according to such census, the legislature may, without referendum thereon, provide for one additional county judge for each additional 250,000 of population or major fraction thereof." So it is that in counties with a population of 125,000, but not more than 250,000 the Legislature may provide an additional judge subject to a referendum on the statute making the provision. When a county passes the 250,000 mark, then the Legislature may provide an additional judge for each major fraction of each additional 250,000 without a referendum. One group comprises counties over 250,000. The other comprises counties of 250,000 and under.
You are correct in your observation that none of these constitutional provisions authorizing additional county judges is self-executing. In each instance the constitution requires legislative action in order to implement the permissive authority granted by the organic law.
We must now determine whether there is any legislative enactment implementing the current constitutional provision which sufficiently authorizes you to appoint an additional county judge for Duval County which, according to the 1960 federal census, has a population of 455,411.
Your letter refers to Chapter 26835, Laws of Florida, 1951, Section 1 of which reads as follows:
"There is hereby created an additional County Judge in all counties having a population of 325,000 or more, according to the last official census."
It is rather obvious that Chapter 26835, supra, was enacted by the 1951 Legislature as an implementation of Section 16A, Article V, Florida Constitution, which had been approved by the electorate in November 1950. By this statute the Legislature merely in effect, concluded that when the population of a county reached 325,000 or more, then "the business of the office of county judge" would require an additional judge. There has been no specific legislative action on the subject since the enactment of Chapter 26835, Laws of Florida, 1951.
*168 Section 11.031(3), Florida Statutes, F.S.A., had the effect of postponing until July 1, 1961, the effective date of the 1960 federal census insofar as the applicability of so-called population acts was concerned. In other words, in considering the applicability of Chapter 26835, Laws of Florida, 1951, to the population of Duval County, as revealed by the 1960 census, Section 11.031(3), supra, would preclude the application of the statute until July 1, 1961.
Your letter fails to mention, but we deem it important to discuss the effect of Section 11.031(4), Florida Statutes, F.S.A. This statute was enacted as Chapter 59-264, Laws of Florida, 1959. By this enactment, the Legislature undertook to "freeze" all population brackets so that no county could grow into a population classification previously enacted. The contemplated effect of the statute was to catalogue the various counties previously governed by population acts just as effectively as if they had been named therein. To illustrate, by Section 11.031(4), supra, the Legislature attempted to authorize the Attorney General to revise the various population classifications in all of the previously enacted population acts so that they would continue to be applicable only to the same counties to which they were applicable prior to the 1960 census. For example, Chapter 26835, Laws of 1951, which applied to counties of 325,000 or more when enacted, was actually applicable only to Dade County according to the 1950 census. No other county in Florida exceeded this population minimum until the 1960 census. Nevertheless, by said Section 11.031(4), supra, the Legislature attempted to authorize the Attorney General to change this population classification by inserting in lieu of 325,000, as contained in the 1951 statute, some figure above 455,411 (the 1960 Duval County population) in order to continue to limit the class to Dade County only and thereby prevent any other county from "growing into it" as a result of the 1960 census.
We have for many years held that any legislative effort to classify by population in a fashion which in effect closes the class on the basis of a particularly designated census is unconstitutional unless passed in accord with the requirements governing local laws. Section 11.031(4), supra, has the illegal effect which has been so condemned. It was not passed in accord with the requirements governing local laws. It is, therefore, ineffective to control or restrict the applicability of Chapter 26835, Laws of Florida, 1951, which continues to apply to all counties having a population of 325,000 or more according to "the last official census." The last official census is not the 1960 Federal census.
This leads us then to consider whether Chapter 26835, supra, the 1951 statute, is adequate to implement the provisions of Section 7, Article V, Florida Constitution, as now in effect. We think that it is.
Duval County, with its population of 455,411, obviously falls within the group of counties described in the last sentence of Section 7(2), Article V, Florida Constitution, which applies to any county "having a population of more than two hundred fifty thousand" for which the Legislature may provide, without referendum, an additional county judge "for each additional 250,000 of population or major fraction thereof." We construe this provision to mean that when a county passes the 250,000 mark the Legislature may make provision for an additional county judge if the population increase is equivalent to a major fraction of another 250,000 people. In other words, the additional county judge for this group would be permissible when the population reaches 375,001. The question then recurs whether the 1951 act which authorizes an additional judge when the population reaches "325,000 or more" is adequate implementation of the Constitution to permit another judge for Duval County.
A casual comparison of the statute with the Constitution as we have construed it might suggest that the statute does not meet the requirements of the Constitution *169 because the statute applies to counties of a population of "325,000 or more"; whereas under the Constitution we have stated that another judge for Duval County is permissible since the population is in excess of 375,000. We must decide whether the constitutional provision which is not self-executing has the effect of preventing the applicability of the subject statute to the present situation.
In considering the effect of constitutional amendments upon existing statutes, the rule is that the statute will continue in effect unless it is completely inconsistent with the plain terms of the Constitution. However, when a constitutional provision is not self-executing, as is the case here, all existing statutes which are consistent with the amended Constitution will remain in effect until repealed by the Legislature. Implied repeals of statutes by later constitutional provisions is not favored and the courts require that in order to produce a repeal by implication the repugnancy between the statute and the Constitution must be obvious or necessary. Pursuant to this rule, if by any fair course of reasoning the statute can be harmonized or reconciled with the new constitutional provision then it is the duty of the courts to do so. 50 Am.Jur., Statutes, Section 540-541, pages 546-548; Opinion of Justices, 251 Ala. 96, 36 So.2d 480; Porter v. First National Bank, 96 Fla. 740, 119 So. 130, Rehearing Denied, 96 Fla. 740, 119 So. 519.
Applying these rules and in recognition of our duty to harmonize the existing statute, Chapter 26835, Laws of 1951, with the current provisions of the Constitution, we construe the language of the statute referring to counties with a population of "325,000 or more" as applicable to Duval County which has a population in excess of the required 375,000 in order to justify an additional county judge. By including the words "or more" after the minimum population limit stated in the statute, the Legislature certainly must have intended that the provision of the act would be applicable to any county whose population exceeded the minimum base. Although the constitutional provision is not self-executing, the fact remains that we must find in the enabling legislation the authority for an additional judge when a county's population exceeds 375,000. In providing an additional judge for counties whose population reaches "325,000 or more" the Legislature has adequately made provision for those counties which have reached the population level prescribed by the currently effective provisions of the Constitution. Duval County is in that group and, therefore, there is adequate constitutional and legislative authority for another county judge for Duval County.
There being in existence an office to be filled, and there being no incumbent occupying the office, you are authorized to fill the position by appointment under Section 7, Article IV, Florida Constitution. The commission shall run for the period prescribed by Section 6, Article XVIII, Florida Constitution.
 Respectfully submitted,
 B.K. ROBERTS,
 Chief Justice.
 GLENN TERRELL
 ELWYN THOMAS
 T. FRANK HOBSON
 CAMPBELL THORNAL,
 Justices.
I agree that the Governor may appoint an additional county judge for Duval County under Chapter 26835, Laws of 1951, and Section 7(2), Article V, Florida Constitution. However, the interpretation which I would give to said constitutional provision is different than that given by the other justices, although the result reached from an application of their interpretation and mine is in this case the same.
 STEPHEN C. O'CONNELL,
 Justice.