QUESTION:
Should H.B. 76, filed for consideration in the 1977 Legislative Session, which upon passage would abolish the Tampa Bay Area Rapid Transit Authority as created and established under and pursuant to part IV of Ch. 163, F. S., be considered as a general law or as a special law?
SUMMARY:
Proposed H.B. 76 abolishing the Tampa Bay Area Rapid Transit Authority should be considered as a special law falling within the purview of the constitutional restrictions requiring publication of notice of intent to seek enactment of special legislation or a referendum of the electors within the affected area or region.
The Tampa Bay Area Rapid Transit Authority (TBART) was formed by mutual action of Hillsborough, Pinellas, and Pasco Counties as authorized and required by part IV of Ch. 163, supra, which provides, inter alia, for the creation of such an authority by any two or more counties having contiguous borders. This being so, the sole authority for the present existence of said organization is embodied in that statute, which is codified as a portion of the general law of this state.
The Legislature can pass any act which legislative wisdom dictates so long as such act is not either expressly or impliedly in conflict with any provision of the State or Federal Constitution, and, in the absence of any such conflict, the exercise of reasonable legislative discretion is the sole brake on the enactment of legislation, for state constitutions are limitations on, rather than grants of, power and the Legislature is therefore authorized to do those things not forbidden by the State or Federal Constitutions. Farragut v. City of Tampa, 22 So.2d 645
(Fla. 1945); State v. Board of Public Instruction for Dade County,170 So. 602 (Fla. 1936); State ex rel. Cunningham v. Davis,166 So. 289 (Fla. 1936); State ex rel. Collier Land Inv. Corp. v. Dickinson, 188 So.2d 871 (Fla. 1966); Sun Ins. Office, Limited v. Clay, 133 So.2d 735 (Fla. 1961). I find no such state or federal constitutional restrictions which, on their face, would operate to prevent the Legislature from abolishing TBART, and I therefore conclude that such an act is within the legislative power and province. However, I must caution that, as the bill currently makes no provision for the contractual rights of creditors and others which may by this time have vested, it may become subject to constitutional attack on these grounds, depending upon factual circumstances.
The bill, as submitted, would abolish a single regional transportation authority conceived under general law and operative only within a three-county area. A statute relating to particular subdivisions or portions of the state or to particular places of classified locality was held by the court to be a local law in State v. Daniel, 99 So. 804 (Fla. 1924); and a special law was therein held to be a statute relating to particular persons or things or particular subjects of a class, while a general law was held to be one which related to subdivisions of the state or to subjects or things as a class based on proper distinctions and differences that inhere in or are peculiar or appropriate to that class. See also Carter v. Norman, 38 So.2d 30 (Fla. 1949). Section 12(g), Art. X, State Const., has eliminated any practical difference between special and local laws by defining `special law' to include both special and local laws. Thus, statutes relating to particular subdivisions or portions of the state, to particular places of classified locality, or to particular persons or things or other particular subjects of a class will be treated by the courts as special laws for the purposes of ss. 10 and 11, Art. III, State Constitution.
In the enactment of general laws on subjects other than those prohibited under s. 11(a), Art. III, `political subdivisions or other governmental entities may be classified only on a basis reasonably related to the subject of the law.' (Emphasis supplied.) Section 11(b), Art. III, State Constitution. General laws of local application were previously drafted as `population acts' which were required to meet a two-pronged test of reasonability of classification and open-endedness. Advisory Opinion to the Governor, 132 So.2d 163 (Fla. 1961).
In view of the foregoing, it seems doubtful that a reasonable classification of TBART, or Pinellas, Hillsborough, and Pasco Counties apart from all other areas or regions of the state in regard to transportation needs could be made; and I do not believe that mere administrative difficulties and factionalism such as delineated in the proposed legislation are a sufficient basis for such a distinct or separate classification. I am not aware of any legislative or judicial precedent sustaining any such distinctions and differences as a constitutionally permissible basis for classification for purposes of enacting legislation.
I also am of the opinion that such a statute would not properly qualify as a general law under the aforecited judicial criteria, for it relates to only one regional transportation authority within the class of all those authorities which might be created under part IV of Ch. 163, F. S., and, further, relates to particular subdivisions — Pasco, Pinellas, and Hillsborough Counties — of the state rather than to subdivisions generally. State v. Daniel, supra; Carter v. Norman, supra; State ex rel. Gray v. Stoutamire, 179 So. 730 (Fla. 1938); and cf. AGO 055-89; Housing Authority of the City of St. Petersburg v. City of St. Petersburg, 287 So.2d 307 (Fla. 1973).
As submitted, H.B. 76 relates only to TBART, which is a particular thing and a particular subject of a class and which is located within a particular region comprised of three particular subdivisions of the state, and thus seems to fall readily within the judicially established criteria for special laws and outside those criteria established for classification as a general law. Therefore, I am of the opinion that H.B. 76 should be treated as a special law or local law falling within the purview of the constitutional restrictions requiring either public of notice of intent to seek enactment of special legislation or a referendum of the electors within the affected area or region.
Prepared by: Michael H. Davidson Assistant Attorney General