Mr. Robert K. Robinson North Port City Attorney 2750 Ringling Boulevard, Suite 3 Sarasota, Florida 34237
Dear Mr. Robinson:
On behalf of the City of North Port, you ask substantially the following question:
If the citizens of the City of North Port approve a charter amendment to include a tree protection provision, what effect will that charter provision have on the existing city ordinance dealing with the same subject?
In sum:
If the citizens of the City of North Port approve a charter amendment to include a tree protection provision, the charter provision and the existing ordinance may coexist unless there is a conflict between the two provisions, in which case the charter provision would prevail.
According to your letter, the citizens of the City of North Port are interested in amending the city charter to adopt a tree protection provision.[1] The city, however, currently has a tree protection ordinance and questions have been raised as to the effect of the charter provision, if passed, on the current ordinance.
The courts of this state have generally considered a municipal charter to be the paramount law of the municipality, just as the state constitution is the charter for the state.[2] In considering the effect of a constitutional amendment on existing statutes, the courts have generally stated that such an amendment — regardless of whether it expressly provides for the repeal of inconsistent statutes or not — operates to amend, supersede, or modify statutory provisions relating to the same subject matter, but only to the extent the statutory provisions are repugnant to, or inconsistent with, the controlling organic provisions contained in the amendment.[3] A statute, therefore, will generally continue in effect unless it is plainly inconsistent with the plain terms of the Constitution.[4]
Thus, the court in West Palm Beach Golf Commission v. Callaway,[5] in considering the provisions of a city charter and a municipal ordinance, concluded that where the ordinances empowering the golf commission to hire and fire employees were in conflict with the charter provision, they were invalid.
Accordingly, in light of the above, I am of the opinion that if the citizens of the City of North Port approve a charter amendment to include a tree protection provision, the charter provision and the existing ordinance may coexist unless there is a conflict between the two provisions, in which case the charter provision would prevail.
Sincerely,
Richard E. Doran Attorney General
RED/tjw
[1] This office has previously advised the city that while a number of local governments currently enforce this type of environmental provision in the form of tree protection ordinances, this office was not aware of anything which would prohibit the inclusion of such a provision in a municipal charter. See, Inf. Op. to Mr. Robert K. Robinson, dated April 3, 2002.
[2] See, e.g., City of Miami Beach v. Fleetwood Hotel, Inc.,261 So.2d 801, 803 (Fla. 1972); Clark v. North Bay Village, 54 So.2d 240,242 (Fla. 1951); and see, Op. Att'y Gen. Fla. 82-101 (1982). Cf.,Hollywood, Inc. v. Broward County, 431 So.2d 606, 609 (Fla. 4th DCA 1983), review denied, 440 So.2d 352 (Fla. 1983) (charter acts as the county's constitution and, thus, ordinances must be in accordance with the charter).
[3] See, e.g., In re Advisory Opinion to Governor, 132 So.2d 163 (Fla. 1961); Perry v Consolidated Special Tax School District, 103 So. 639
(Fla. 1925).
[4] See, e.g., Bronson v. State, 83 So.2d 849 (Fla. 1955) (statute, authorizing Game and Fresh Water Fish Commission and its agents to enforce all laws relating to game, fresh water fish, etc., enacted prior to establishment of Commission by constitutional amendment of 1942, was consistent with and in aid of provisions of such amendment and was not repealed thereby).
[5] 604 So.2d 880 (Fla. 4th DCA 1992).