STATE v. ERNEST TAFT.

*Municipal Ordinance—Public Health—Nuisance— Second-Hand Clothing.*

1. Municipal authorities having power to abate nuisances, cannot absolutely prohibit a lawful business not necessarily a nuisance, but may abate it when so carried on as to constitute a nuisance.

2. While a town, under its authority to pass laws abating nuisances and for preserving the public health, may throw restrictions around the sale of second-hand clothing, by compelling fumigation and disinfection, or requiring assurances that it has not been brought from infected places, &c., yet an ordinance prohibiting absolutely the importation and sale of second-hand clothing is unreasonable, in that it prohibits a business lawful in itself and not necessarily dangerous, and is therefore void.

STATE *v.* TAFT.

INDICTMENT for violation of an ordinance of the town of Louisburg, heard, on appeal from a judgment of the mayor, before *Robinson*, *J.*, and a jury, at January Term, 1896, of FRANKLIN Superior Court. There was a verdict against the defendant, and from the judgment thereon the defendant appealed.

*The Attorney General* and *Mr. F. S. Spruill*, for the State.

*Mr. Chas. M. Cooke*, for defendant (appellant).

MONTGOMERY, J.: The ordinance, for a violation of which the defendant was convicted, is as follows: "No. 47. That it shall be unlawful for any person, merchant or dealer to import into the town of Louisburg, for the purpose of selling or offering for sale, any second-hand clothing, garment, cloth or bed-furniture; and any person, merchant or dealer who shall import any such article into said town with the purpose aforesaid, or shall sell or offer the same for sale, shall for every such act be subject to a fine of $25."

It is enacted in Chapter 142 of the Private Acts of 1887 that the general laws in regard to Cities and Towns, in *The Code*, shall apply to the town of Louisburg: and it is provided in that chapter of *The Code* that the Commissioners of Towns "May pass laws for abating or preventing nuisances of any kind, and for preserving the health of the citizens." And that "They may enforce their by-laws and regulations by imposing penalties on such as violate them. The preamble sets forth that the object of the ordinance was the protection of the health of the community. Beyond question the General Assembly has power to authorize the Commissioners of towns to pass. by-laws intended to prevent the introduction of infectious

or contagious diseases and to preserve the public health; and the powers conferred under the statutes above referred to are admitted to be sufficient for those purposes. Such ordinances are regarded as police regulations, are of the utmost consequence to the general welfare, and, if they be reasonable, impartial and not against the general policy of the State, must be submitted to by individuals for the good of the public. In truth, the public health and the peace and good order of the community ought to be the chief concern of the authorities of cities and towns; and the courts are quick to encourage watchfulness in this respect on their part, will always presume that they have acted from a sense of propriety and necessity and will never interfere with or set aside their ordinances, unless it appears clearly that they are unreasonable or beyond the scope of their authority. It is not to be doubted, however, that the courts have the right to enquire into any alleged abuse of their powers and to restrain them when they transcend the limits of their authority.

The question presented in this case for our consideration is whether the commissioners can, under the powers given them by law, in their discretion, absolutely prohibit a lawful business not in itself necessarily a nuisance, but which may be conducted without danger to the community, when properly regulated. The sale of second-hand clothing is not a nuisance *per se*, but is on the other hand a lawful business, and under proper regulations may be so conducted as to be without danger to the health of the community, and at the same time to be of great benefit to a large portion of the people. There is nothing dangerous to health in articles of second-hand clothing of themselves; they can only become noxious by reason of prior use, of having been worn or possessed by persons themselves infected, or living in infected communities. The town

STATE *v.* TAFT.

authorities would have the right to compel fumigation and disinfection of second-hand clothing; they might require proper assurances, before such articles were imported or offered for sale, that they have not been bought in, or brought from, markets or places where epidemics of contagius or infectious diseases were or had been recently prevailing; or, they might prohibit the further sale of such stocks from which articles had been sold and had communicated disease. In the case of *Greensboro* v. *Ehrenrich*, 80 Ala., 579, the ordinance was not as prohibitory as the one before us, and the Court there in passing upon its validity said: "Municipal authorities, having power to abate nuisances, cannot absolutely prohibit a lawful business not necessarily a nuisance, but may abate it when so carried on as to constitute a nuisance. They cannot, under the claim of exercising the police power, substantially prohibit a lawful trade, unless it is so conducted as to be injurious or dangerous to the public health. If they can declare it unlawful to import, sell, or otherwise deal in second or cast off garments, blankets, bedding and bedclothes, without regard to the circumstances or necessity, they may under the same power declare it unlawful to import or sell meat because at some time, and in some places it is infected with trichina." The same principle is also decided in *Weil* v. *Ricaud*, 24 N. J. Eq., 169.

We are of the opinion that the commissioners transcended their powers in the passing of this ordinance; that it is unreasonable in that it is prohibitory of a business lawful in itself, and that it is void.

Error.