CASE 74—MANDATORY INJUNCTION—JAN. 5.

# Henderson County Board of Health v. Ward, Judge, Etc.

APPEAL FROM HENDERSON CIRCUIT COURT.

BOARD OF HEALTH—COUNTY—POWERS OF—SECTION 2055, KENTUCKY STATUTES.—Under section 2055, Kentucky Statutes, the County Board of Health, duly appointed by the State Board, is vested with power to take charge of persons suffering from smallpox or suspected of infection, and to take control of the pest house where patients suffering with the disease are confined. And to this end the County Board is entitled to a mandatory injunction against the county authorities putting the pest house under its control.

JOHN FRANCIS LOCKETT AND STROTHER A. BANKS FOR APPELLANTS.    (E. G. SEBREE AND W. P. McCLAIN OF COUNSEL.)

On the powers and duties of the County Board of Health:  Ky. Con., sec. 107; Ky. Stats., secs. 2047, 2049, 2055, 2060; Gaines

v. Waters, 44 S. W., 353; 4 Am. & Eng. Ency. of Law, 596, note 1, page 597, note 2; Smith v. Lynch, 29 O. St., 261; Nelson County Court v. Town of Bardstown, 7 Ky. Law Rep., 41; Thomas v. Edmondson County, 8 Ky. Law Rep., 265; Elliott v. Kalhaska Supervisors, 55 Am. Rep., 706.

EDWARD W. HINES ON THE SAME SIDE.

1. The County Board of Health duly appointed by the State Board is vested with power to control persons suffering with smallpox or suspected of infection, and to this end has charge of the pest house. Ky. Stats., secs. 2048, 2055; Nelson County Court v. Town of Bardstown, 7 Ky. Law Rep., 41; Stephens v. Allen, 19 Ky. Law Rep., 1707.

2. The County Board is in effect a corporation and may sue and be sued as such. Gross v. Kentucky Board of Managers of World's Columbian Exposition, 49 S. W. R., 458.

MONTGOMERY MERRITT, N. POWELL TAYLOR AND LOCKETT & LOCKETT FOR APPELLEES.

1. The demurrer to the petition is well taken, because it does not appear that plaintiffs have been legally appointed a Board of Health. Dill. on Munc. Cor., sec. 263; Cook on Stockholders, sec. 594.

2. Such board has not the power to sue. Bouvier's Law Dict.; Rawle's ed. p. 939, note; People v. Supervisors, &c., 18 Barb., 567 (N. Y.); 4 Neb., 236.

3. Had the board the power to sue, the petition does not state a cause of action.

4. The statute imposes "fine of $10 to $100 per day on those who fail to obey its rules, and this is the means it had to enforce its authority. Ky. Stats., sec. 2055.

5. The Fiscal Court has control of the property of the county. Ky. Stats., sec. 1840.

6. The Board of Health is not invested with the title to the pest house or any other property in the county, nor the right to the possession. Ky. Stats., sec. 2055.

7. The county judge has the authority to prevent, as far as possible, the spread of contagious diseases. Ky. Stat., ch. 119; Jones v. Pendleton, 19 S. W. R., 740.

8. The plaintiffs resigned because the Fiscal Court adjudged bills of its employes exorbitant, and referred the smallpox outbreak to the court.

9. The court assumed the task and had it under control when plaintiffs brought this suit to oust the court and dismiss its employes.

10. The chancellor should not, under the Board's claim of reappoint-

ment displace these persons and reinstate, by mandatory injunc-
tion, those who threw up their places when the danger of its
spread was imminent.

11. Injunction is an extraordinary remedy, and the courts will not
use it to change the possession of real estate while the title is
in dispute. High on Injunctions, sec. 358.

12. Still less will it do so when the defendant's title is unquestioned,
as in this case.

13. The proof shows no neglect or incompetency on the part of the
employes of the county court.

SAME COUNSEL FOR THE APPELLEES IN A PETITION FOR REHEARING.

1. The board is not a corporation. It is not given power to sue.
The case in 49 S. W. R., 458, supports this view.

2. No express power is given it to acquire or control a pest house,
and corporate powers are strictly construed. 11 Bush, 533.

3. The pest house is property of the county expressly under the
control of the Fiscal Court. Ky. Stats., sec. 1840. The power
of the board to bring the infected population under treatment
does not imply that the Fiscal Court may be ousted of posses-
sion conferred by statute. Potts v. Breen, 167 Ill., 67.

4. The members of the board are not elected by the people; they are
required to give no official bond; their right to displace the
employes of the Fiscal Court should not be implied.

5. The county judiciary is given the authority to act in the pre-
vention of smallpox. Ky. Stats., secs. 4614, 4616.

6. The board resigned, sought to embarrass the court in suppressing
the disease, and on re-appointment should not set aside the Fiscal
Court in its rightful management of the epidemic.

7. There is no equity in its suit. It is wholly at fault and the Fis-
cal Court but did its duty to take charge, and the Circuit Court
rightfully sustained it. Nash v. Page, 80 Ky., 539.

8. When the suit was brought the epidemic was about over, and
there was no need of a change in the management.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This action was brought by the Board of Health of
Henderson county against the county judge and others,
composing the fiscal court of the county, for a mandatory
injunction to compel appellees to turn over to appellant
the control of the county pest house, and the charge of
certain smallpox patients therein; it being alleged that
public safety required the change.

It appears that in May, 1899, there was an epidemic of smallpox in Henderson county, and, upon the fiscal court undertaking to scale the salaries of the physicians and others employed by the board for the care of patients in the pest house, the members of the board, and the physicians employed by them, resigned their offices.

The fiscal court thereupon appointed a committee of its members to take charge of the smallpox patients until such time as the vacancies in the board should be filled. The committee thereupon employed physicians, nurses and guards to care for the patients.

The epidemic had by this time much abated, and in a few days the greater part of the patients had been discharged, as well as most of those held in custody under suspicion of being infected.

The State Board of Health reappointed the county board, and its members sought to take charge of the pest house and patients, alleging that some of the patients had been prematurely discharged, and that public safety required the board to have control of the measures adopted for stamping out the epidemic. This being refused, this suit was brought, and the trial court dismissed the petition upon the ground that the pest house was the property of the county, in charge of the fiscal court, which had authority, in case of necessity, to employ physicians, and take charge of patients suffering from epidemic diseases, and that a court of chancery could not compel the representatives of the county to surrender the custody of the county's property.

It is manifest that the propriety or impropriety of the resignation of the members of the board cuts no figure in this proceeding. Upon their reappointment by the State Board, they had the same rights—no more, no less—

that they would have had had they been other individuals appointed to the places. The statute authorizing their appointment, and defining their powers, gives to the State Board and its appointees, the county boards, large, but necessary, powers, in case of epidemic diseases.

They are empowered and it is their duty (section 2055, Kentucky Statutes), "to inaugurate and execute and to require the heads of families and other persons to execute such sanitary regulations as the local board may consider expedient to prevent the outbreak and spread of cholera, smallpox, . . . and other epidemic diseases; and to this end may bring the infected population under prompt and proper treatment during premonitory or other stages of disease."

Power of inspection of premises believed to be in an unclean and infectious condition are given them, as well as power to enforce the regulations of the State Board, and failure or refusal to obey their written request is punishable by a fine.

By section 2056, they are authorized to establish quarantine against the introduction of contagious or infectious diseases, and may detain boats, trains or coaches believed to contain infected persons or articles. These powers are large, and justifiable only under the police power of the State.

It was undoubtedly proper for the fiscal court to take charge of the epidemic during the time there was no local board. But it seems to us undeniable that, under the grant of power to "bring the infected population under prompt and proper treatment during premonitory or other stages of disease," the board had authority to take charge of those suffering from the epidemic or suspected of infection, and this necessarily implies the custody and charge

[ 31 ]

of the pest house, wherein the patients' were confined. In executing this power, it was, of course, necessary to employ physicians, nurses, etc. The board had no power to fix their compensation. That compensation, like the compensation of the members of the board themselves, was left to the discretion of the fiscal court,—not to its arbitrary discretion, but to a discretion governed by the value of the services. (Stephens v. Allen, 19 Ky. L. R., 1707, [44 S. W., 386]; Nelson Co. Court v. Town of Bardstown, 7 Ky. Law Rep., 41.)

While the board is not by statute made a corporation, it is created as an agency of the State. A similar agency has been, in the case of Gross v. Kentucky Board, &c., [49 S. W., 458]; held suable as a corporation. And, while penalties are imposed for failure to observe the regulations and orders of the board, we do not think the enforcement of such penalties by the criminal courts is their only remedy. The board is a high governmental agency, endowed by law with distinct legal rights, and charged with corresponding important duties. In order to the performance of those duties, its rights must be enforced, and the courts of the Commonwealth afford the proper means for their enforcement.

The judgment is reversed, and cause remanded, with directions to set aside the judgment, and enter a judgment in accordance with this opinion.