# TERRITORY OF HAWAII *v.* AH CHOY AND AH TUCK.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU ON POINTS OF LAW.

ARGUED JANUARY 31, 1906.        DECIDED FEBRUARY 5, 1906.

#### FREAR, C.J., HARTWELL AND WILDER, JJ.

COUNTY ORDINANCE—*prohibiting spraying clothes in laundering them by water projected from the mouth—not unreasonable and not class legislation.*

A county ordinance prohibiting laundrymen from spraying clothes with water projected from the mouth is not invalid on the grounds that it is unreasonable or is class legislation directed against Chinese.

ID.—*imprisonment for nonpayment of a fine for violation of ordinance.*

Imprisonment cannot lawfully be imposed for nonpayment of a fine for violation of this ordinance.

#### OPINION OF THE COURT BY HARTWELL, J.

The defendants were convicted and sentenced to pay a fine of $5 each and $1.15 costs by the district magistrate of Honolulu upon a charge of violating an ordinance of the county of Oahu made by its board of supervisors against spraying clothes with liquid projected from the mouth.

The defendants appealed from the judgment upon points of law, viz.: "That said judgment is illegal and invalid because:.

1.   That this Court has no jurisdiction of or concerning the charge entered against the defendants, or of the subject matter of said cause.

2.   That said charge sets forth no offense under any law of the Territory of Hawaii.

3.   That the District Court has no power or authority to add costs to the fine imposed in and by said judgment.

4.   That the ordinance alleged in and by the charge herein to have been violated by these defendants is null and void, because the Board of Supervisors of the County of Oahu had no power or authority to prescribe imprisonment as a punishment for the violation of any ordinance made or enacted by it; that said ordinance is an illegal discrimination against Chinese laundrymen, and an unreasonable regulation and beyond the power of said Board of Supervisors to make, pass or enact."

The defendants' contention may thus be summarized:   (1) This method of spraying clothes cannot lawfully be prohibited; it not appearing to be injurious to health its prohibition is not a health regulation made in the exercise of police powers of sanitation or any other police power and is unreasonable; (2) as Chinese only use this method its prohibition is made against them and is class legislation; (3) the County Act gives no power to the board of supervisors to require imprisonment for nonpayment of fines imposed, for violation of its ordinances.   The ordinance is therefore radically defective; the part which authorizes a fine cannot be treated separately from the concluding part of the same sentence which requires imprisonment for nonpayment of fine.   It is not a case of fine or imprisonment in which the former might be valid if the latter were invalid but the imprisonment is a necessary consequence of nonpayment of the fine.

The defendants abandoned in argument their first and third points of law.

The following is the ordinance in question:

"Section 1.   It shall be unlawful for any person or persons, ironing or performing any act, in the laundrying of clothing of another, or in the laundrying of clothing for hire, within the

County of Oahu, to spray any article so laundered with liquid sprayed or projected from the mouth of said person or persons, or to direct or permit any person in his employ to so spray such article so laundered.

"Section 2.   Any person violating any of the provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction shall be fined not less than Five Dollars, nor more than Twenty-Five Dollars and in case such fine is not satisfied by immediate payment thereof the person so fined shall be committed to prison for the nonpayment of the same and the time of such imprisonment shall be deemed to discharge the same at the rate of One Dollar per day.

"Section 3.   This Ordinance shall take effect from and after its passage and publication."

The defendants submit that if the ordinance were a sincere attempt to guard the public health and not a covert blow at Chinese laundrymen or based on merely sentimental and frivolous considerations its operation would have been confined to the actual danger of clothes spraying from the mouths of diseased persons and would prohibit every kind of laundering and the handling of laundry things by diseased persons.   No one, the argument continues, has ever heard, and there is no evidence, of harm from the practice; on the contrary there is undisputed evidence that none has been known.

It is often the duty of the court to consider not only the ostensible object of police ordinances of this kind but their real motive and when it is apparent that they are based on anti-Chinese grounds and are a device for removing the competition or the presence from the community of persons of Chinese nationality who in common with all others are under the protection of the United States Constitution, it is the duty of the court, which we should not hesitate to perform, to declare them to be void.

"Though the law itself be fair on its face and impartial in appearance, yet if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of

equal justice is still within the prohibition of the Constitution."
*Yick Wo v. Hopkins,* 118 U. S. 356.   Thus an ordinance was
held to be invalid which provided that every male convict
imprisoned in the county jail should have the hair of his head
cut or clipped to an uniform length of one inch from the scalp,
Field, J., saying:  "The class character of this legislation is
none the less manifest because of the general terms in which it
is expressed.  * * *  Where an ordinance, though general in its
terms, only operates upon a special race, sect or class, it being
universally understood that it is to be enforced only against that
race, sect, or class, we may justly conclude that it was the inten-
tion of the body adopting it that it should only have such opera-
tion and treat it accordingly."  *Ho Ah Kow v. Nunan,* Fed.
Cas. 6546.   Again, a health ordinance was held to be unreason-
able, and therefore void, which prohibited the sale of second-
hand clothing and bed furniture, the court saying:  "The sale
of second-hand clothing is not a nuisance per se, but is on the
other hand a lawful business, and under proper regulations may
be so conducted as to be without danger to the health of the
community, and at the same time to be a great benefit to a large
portion of the people.   There is nothing dangerous to health
in articles of second-hand clothing of themselves; they can only
become noxious by reason of prior use, of having been worn or
possessed by persons themselves infected, or living in infected
communities."  *State v. Taft,* 118 N. C. 1190.

Undoubtedly the ordinance in question stops far short of
being a thorough and undiscriminating attempt to remove
causes of infection from laundry work and in beginning with
Chinese laundries it may be, although we hope not, that harry-
ing Chinese was in the minds of those who urged or made it,
but this is not a case in which to apply the saying, "First cast
out the beam which is in thine own eye," for the thing sought
to be prevented is undoubtedly an unwholesome and unsanitary
practice.   The facility with which germs of disease are com-
municated by the saliva is common knowledge.   It is impossible

to guard against the danger of infection from this spraying process by anything less than its absolute prohibition, hence we cannot say that the ordinance is unreasonable or because of its application to Chinese only that it is class legislation. The 14th Amendment is not intended to secure immunity from such practice on the sole ground that it is indulged in by Chinese only.

The first and second objections to the ordinance are not sustained.

The objection that the ordinance makes imprisonment a necessary although indirect consequence of its violation would be conclusive against its validity if such were the fact for the County Act does not authorize this either expressly or by necessary implication; but although worded in the conjunctive, the ordinance requires the alternative either of payment of the fine or imprisonment in case of its nonpayment.

Imprisonment cannot lawfully be imposed either as a direct penalty or indirectly as a consequence of nonpayment of fine, unless authorized expressly or by necessary implication. *Territory v. Whitney,* ante p. 181. In *Natal v. Louisiana,* 139 U. S. 623, the city council of New Orleans was "vested with full power to provide for the enforcement" of its ordinances. Upon the contention that the ordinance was contrary to the 14th Amendment in depriving the plaintiffs in error of liberty and property without due process of law the court held that the penalty of a fine of $25 and of imprisonment of not more than thirty days if the fine was not paid "was within the authority constitutionally conferred upon the city council." The County Act (Sec. 62) merely authorizes the board of supervisors to "fix a penalty" for violation of its ordinances. "As this sanction would be futile against impecunious offenders, it is generally provided that imprisonment may be inflicted in default of payment of the fine and the costs of the prosecution;" but "only express and precise authority will justify such imprisonment." Smith, Mun. Corp., Sec. 549.

The judgment of a fine of $5 and $1.15 costs in the case of each defendant is affirmed. A commitment upon this judgment would be invalid.

*E. A. Douthitt, County Attorney,* for the Territory.

*A. G. M. Robertson* for defendants.