M. C. LAUSEN, Appellant, v. BOARD OF SUPERVISORS OF HARRISON COUNTY et al., Appellees.

**CONSTITUTIONAL LAW: Class Legislation—Who May Complain.** The 1 claim that the Bovine Tuberculosis Act is unconstitutional because it grants to the owners of breeding cattle the right to initiate or bring into existence the benefits of the act may not be asserted by one who belongs to such favored class.

**CONSTITUTIONAL LAW: Class Legislation—Untenable Position.** One 2 who concedes that the Bovine Tuberculosis Act is a general health measure may not contend for the unconstitutionality of the act because of the unwisdom of the legislature in limiting the realization of the benefits of the act to the initiative of a certain class,—to wit, to the owners of breeding cattle.

**CONSTITUTIONAL LAW: Class Legislation—Permissible Agencies.** 3 The legislature may, generally speaking, choose any agency for the initiation and realization of the benefits of a public health measure.

Headnote 1: 12 C. J. p. 763.  Headnote 2: 12 C. J. p. 887.  **Headnote** 3: 29 C. J. p. 244.

Headnote 1: 6 R. C. L. 89.

*Appeal from Harrison District Court.*—H. J. MANTZ, Judge.

JULY 1, 1927.

An action to enjoin the defendants from putting into operation or acting under Chapter 129, Code of 1924, known as the "Bovine Tuberculosis Law." Plaintiff's petition was dismissed, and he appeals.—*Affirmed.*

*R. J. Organ,* for appellant.

*John Fletcher,* Attorney-general, *Herbert Huff,* Assistant Attorney-general, and *Lloyd Harding,* County Attorney, for appellees.

ALBERT, J.—Plaintiff in his petition alleges that the defendant board of supervisors of Harrison County, Iowa, is attempting to put into operation certain provisions of the aforesaid law and amendments thereto, by reason of a petition filed with

said board, signed by 51 per cent of the owners of breeding cattle residing in said county; and he claims that Sections 2683 to 2687, inclusive, Code of 1924, are unconstitutional because they contravene the rights of plaintiff guaranteed by Section 1, Fourteenth Amendment to the Constitution of the United States of America, because: (a) The law does not provide or permit the plaintiff to object to the establishment of said county-area plan or the assessment of any tax levied thereunder; (b) there is no provision in the law for appeal from the establishment of said county-area plan or the assessment of any tax levied thereunder.

Plaintiff makes the same specific objections to said section of the statute under Section 9, Article I, of the Constitution of the state of Iowa. Under Section 6 of Article I of the state Constitution his objection is that this law grants to a class of citizens (owners of breeding cattle) the privilege which upon the same terms belongs equally to all citizens, for the reason: (a) It grants to the owners of breeding cattle only the option to determine whether or not this law shall be put into operation. (b.) This privilege should belong to all citizens, and a delegation to any particular class of citizens constitutes class legislation.

Complaint is further made under Section 1, Article III, of the Constitution of this state, on the ground that the statute delegates legislative authority, contrary to the provisions of said article of the Constitution.

He also further complains under Section 1 of Article V of the Constitution of this State, on the ground that these statutes delegate judicial authority to the owners of breeding cattle, in contravention of said article.

He further complains that the law is unconstitutional because no discretionary power or authority is conferred upon the board of supervisors to determine whether or not the prayer of the petition should be granted.

He alleges that he is a resident of Harrison County; that he is the owner of farm land in said county, and also the owner of certain breeding cattle; and that he is a taxpayer, subject to the payment of taxes, and will be subject to the payment of taxes levied under this law. He alleges that, unless restrained, the defendant board will establish said county-area-eradication plan, and will levy taxes as provided therein, for the purpose of pay-

ing the expense of tests and indemnities, as provided in said chapter.

Under the new procedure rule, the defendants in the case filed a motion to dismiss the amended and substituted petition, the substance of which is above set out; and on submission, the court sustained this motion, and dismissed plaintiff's petition.

Appellant seems to have entirely overlooked the rules of this court governing the filing of briefs and arguments. Rule 30 requires, among other things, that the brief of the appellant shall contain numbered propositions of law, stated concisely and without argument or elaboration, together with the authorities relied upon in support thereof. The paper filed herein designated as "Appellant's Brief and Argument" in no way complies with this rule, as no authorities whatever are cited to support his contention. To our minds this is wholly inexcusable.

In argument, appellant says:

"We do, however, want to impress upon the court the fact that no complaint is made against the Bovine Tuberculosis Law generally, nor to the object or purpose of the legislature in enacting that law. We concede that the law is a public health measure, and is designed to protect the health and lives of the citizens of this state generally. But in this connection we wish to say that the last concession is perhaps the strongest argument in favor of our position. If the law is designed for the benefit of the people generally, does it not follow that the people generally should be the ones to bring it into operation, either directly or through their representative body?"

1. CONSTITUTIONAL LAW: class legislation: who may complain.

It is apparent from this statement of the appellant's that no question is raised as to the power of the legislature to enact laws of this general nature. It is conceded by appellant that the same is a public health measure, and designed to protect the health and lives of the citizens of this state. The point made here, if any there be, is that, since it is for the benefit of the people generally, any of such people ought to have a voice in bringing this law into operation, and plaintiff says, "either directly or through their representative body." Just what is meant by this complaint we do not understand. Some light, however, is thrown on this proposition by the next statement of counsel in argument, when he says:

"The complaint of plaintiff is that the legislature had no constitutional right to delegate to a particular class of people the *option*—for that is what it amounts to—to say whether this public health measure shall be brought into operation for the benefit of the public generally, or whether, because such a class does not desire to do so, they shall be deprived of the benefits of such public health measure."

Plaintiff himself stands, under his pleadings, as one of the persons, or as one of the "class," as he calls it, of persons on whom this power is conferred, he being the owner of breeding cattle. Were he without this class, he would be in a position to complain, if there be any merit in such complaint; but, since he is within that class, we do not think he has such an interest as that he may maintain this litigation.

He argues that, because the law under consideration is a public health regulation, any citizen should be entitled to institute it for the benefit of the public health. If this be assumed

2. CONSTITUTIONAL LAW: class legislation: untenable position.
to be true, how can appellant complain, when the benefits of this law are to be derived by the public under the proceedings instituted herein?

If he will maintain his peace, the general public of his county will get the benefit of this enactment, provided that the board, at the proper time, determines that the petition filed with them. complies with the statute. If the board should refuse to grant the prayer of the petition, plaintiff then might be in a position to complain that the general public had been deprived of the benefit of the statute. We are unable to see where any constitutional provision whatever has been impinged or violated by these sections of the statute.

Certain guaranties are made both by the Federal and the state Constitutions to citizens. It has always been held that health regulations are an exercise of the police power of the

3. CONSTITUTIONAL LAW: class legislation: permissible agencies.
state, and, in a general way, are not affected by constitutional provisions, either of the state or the national government. *Holden v. Hardy*, 169 U. S. 366 (42 L. Ed. 780); *Williams v. Scudder*, 102 Ohio St. 305 (131 N. E. 481); *Weil v. Ricord*, 24 N. J. Eq. 169; *Judge v. Bergman*, 258 Ill. 246; *Blue v. Beach*, 155 Ind. 121 (56 N. E. 89); *State v. Taft*, 118 N. C. 1190 (23 S. E. 970); *Schulte v. Fitch*, 162 Minn. 184 (202 N. W. 719); 29 Corpus

Juris 242. That laws of this character are to be liberally construed is a general rule. 29 Corpus Juris 243; *Schulte v. Fitch,* supra.

That the state, in the exercise of such power, may use as its instrumentality for accomplishing the purposes such agencies as it may please, such as municipalities, counties, or other territorial subdivisions, is settled by the following cases: *State Board of Health v. City of Greenville,* 86 Ohio St. 1; *State ex rel. Arpin v. George,* 123 Minn. 59 (142 N. W. 945); *Forbes v. Board of Health of Escambia County,* 27 Fla. 189 (9 So. 446); *Henderson County Board of Health v. Ward,* 107 Ky. 477 (54 S. W. 725); *Davock v. Moore,* 105 Mich. 120 (63 N. W. 424); *Schulte v. Fitch,* supra.

The state, in the exercise of its governmental function, may choose or select any agency it sees fit, to carry out this purpose, and it becomes wholly immaterial just what means may be adopted to carry out such purpose.

Counsel for appellant is mistaken in assuming that 51 per cent of the actual owners of breeding cattle establish a county-area-eradication district. They simply initiate the same, and the board of supervisors, after hearing on a petition therein filed, establishes the district. No one will dispute the fact that the legislature could, in the first instance, have provided that each county in the state should constitute an eradication district, in which event the individual citizens would not have any voice, or be entitled to be heard in the matter. We think that the state has the power to select any reasonable means and methods it may choose, to establish these districts, so long as they are in the interests of public health; and we can see nothing in the present statute that in any way deprives the plaintiff of any of his constitutional rights, at least so far as the complaints he makes herein are concerned. The statute provides for notice, and also extends a right to file objections and to have a hearing thereon. What more can plaintiff ask, so far as any constitutional provisions are concerned, whether they be state or national?

We have recently had the constitutionality of this statute before us in two cases which cover the subject generally (*Peverill v. Board of Supervisors,* 201 Iowa 1050; *Fevold v. Board of Supervisors,* 202 Iowa 1019), where various angles of the consti-

tutionality of this act were discussed and disposed of. The Supreme Court of Minnesota had a very similar act before it in the case of *Schulte v. Fitch,* supra, where, after a very elaborate discussion of the many phases of the matter, the constitutionality of the act was upheld.

We are unable to see anything in appellant's contention, and therefore the ruling of the district court was right.—*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and KINDIG, JJ., concur.