**Margaret McINTOSH, Appellant,**

v.

**ELECTRIC & WATER PLANT BOARD OF FRANKFORT, KY., Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1965.

Edward F. Prichard, Jr., Frankfort, for appellant.

Charles L. Hobson, Frankfort, for appellee.

DAVIS, Commissioner.

This appeal presents the question whether the appellant was required to furnish the

notice prescribed in KRS 411.110 as a prerequisite to her filing suit for personal injuries against the Electric & Water Plant Board of Frankfort. It was the view of the trial court that appellant's admitted failure to furnish the statutory notice proscribed her right to maintain the action. We disagree and reverse.

Frankfort is a city of the second class. KRS 81.010(2). It had elected to operate the present electric and water system within the framework of KRS 96.172 to 96.188 while a third-class city; when its classification was changed to second-class city, the provisions of KRS 96.165 effectively continued in force the status of the Board. By the express terms of KRS 96.172(1) the appellee Board is "a body-politic and corporate" with power to sue and be sued. The Board has control of funds derived from its operations. KRS 96.181, 96.182.

The present action is not against the City of Frankfort. The notice prescribed by KRS 411.110 relates to actions against the city. There is no similar provision with respect to actions against an independent Board such as the present appellee.

Hancock v. City of Anchorage, Ky., 299 S.W.2d 794, is not controlling here. In the cited case the action was directly against the municipal corporation of Anchorage, which was operating its water system municipally, but not through an independent Board. We are not persuaded to the view presented ably by appellee that the word "city" as used in KRS 411.110 "embraces any action against any municipal agency which is a creature of the municipal corporation." We are mindful of the purposes of the "notice" statute, but note that these purposes would not be subserved by compliance with the statute inasmuch as the notice would be given to city officers not charged with the responsibilities for the operation and affairs of the appellee Board.

We take this occasion to point out that KRS 411.110, limited in application to a narrow field of claims, is no longer adequate to serve its intended purpose in light of the broader exposure of cities to liability. Haney v. City of Lexington, Ky., 386 S.W.2d 738. The desirability of enlarging the statutory notice to include all claims may commend itself to the legislative branch of government.

The judgment is reversed for further proceedings consistent with the opinion.