**KNOX COUNTY FISCAL COURT,**
Appellant,

v.

**KNOX COUNTY GENERAL HOSPITAL, INC., et al., Appellees.**

Court of Appeals of Kentucky.

March 7, 1975.

E. Gaines Davis, Jr., Frankfort, Guy Millward, Jr., Barbourville, for appellant.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, Lowell W. Lundy, Samuel E. Davies, John C. Dixon, Barbourville, for appellees.

PALMORE, Justice.

The question in this case is whether the Fiscal Court of Knox County has the right to assume the management of a county hospital and terminate its control by the directors of a nonprofit corporation organized by the Fiscal Court some years ago for that purpose. We hold that it does.

All of the dispositive facts have been established by stipulation. There is, however, one technical issue arising from the Fiscal Court's omission to answer a cross-claim asserted against it by the hospital corporation. The only matter in this cross-claim the Fiscal Court would have any reason to deny is an allegation to the effect that it had no authority to take control of the hospital and that its order pur-

porting to do so was null and void. That allegation did no more than set forth a legal conclusion which in substance had been put in issue by the Fiscal Court's cross-claim against the hospital. It would surely exalt form over substance to say that with the pleadings in this posture the Fiscal Court's failure to answer an unnecessary cross-claim had the effect of admitting it.

Construction of the hospital in question through a general-obligation bond issue was authorized by the voters of Knox County in 1956 pursuant to KRS 216.020. In 1958 the Fiscal Court appointed a 9-member board of directors to operate the hospital and adopted a set of bylaws for its governance. In 1959 the Fiscal Court authorized the county attorney to incorporate it as a charitable, nonprofit corporation, which was promptly done. Thereafter and until the present controversy arose the hospital was operated exclusively by the corporation in accordance with its articles. The payment schedule of the bond issue runs until 1987, and the Fiscal Court continues to levy a tax for retirement of the bonds as they fall due. Meanwhile, two additions to the hospital have been constructed and paid for entirely out of hospital revenues.

The county has retained legal title to the hospital property and has never entered into a lease arrangement with the hospital corporation, nor has there been any other formal contractual relationship between them. No distinction is drawn between the property and the business of the hospital, it being stipulated simply that the county has legal title to "the hospital."

The charter of the hospital corporation, as did the bylaws theretofore adopted by the Fiscal Court, provides that its affairs shall be governed by a board of not less than nine (9) nor more than 15 directors whose terms of office shall be nine (9) years, staggered so that one or more will be appointed each year.

The corporation has no members—only a board of directors. Its directors are appointed by the Fiscal Court, but the appointment of each new director upon expiration of the respective terms of the directors initially designated in the articles of incorporation must be made from a list supplied to the Fiscal Court by the board of directors as currently constituted. In this particular, the literal requirement of the articles is as follows:

"The Board shall submit names to the Fiscal Court, from which list the Fiscal Court shall approve said appointment for the term of nine (9) years."

■ KRS 216.040, which applies in this case, says: "The county hospital shall be under the control of the proper county authorities." That provision has been held to mean that the county is not permitted "to take a private corporation into partnership in conducting such public enterprise. To do so is to surrender official responsibility and to delegate the public function to persons who are not responsible to the people." Booth v. City of Owensboro, 274 Ky. 325, 118 S.W.2d 684, 686 (1938). A fiscal court may sell or lease property for the purpose of being operated as a hospital, but if it is to be a county hospital it must remain under control of the governing body directly responsible to the county electorate, which is the fiscal court.

■ The trial court was of the opinion that if the governing body of a hospital consists entirely of persons appointed by the fiscal court there is no violation of KRS 216.040. That is not necessarily true. The real criterion is whether the fiscal court has parted with any of its authority. To the extent that it cannot override the governing body of the hospital it has given away its power, and that is what it cannot legally do.

In this particular instance the articles of incorporation do not leave the ultimate

control of the hospital in the governing body of the county. First, they do not give the Fiscal Court a choice as to whom it will appoint as directors, since it must choose from those nominated by the current members of the board. Secondly, the power of the current members of the Fiscal Court over the directors is limited to the filling of vacancies as they arise. They have no power to remove or replace directors appointed by their predecessors in office except upon the expiration of the 9-year terms for which the directors were appointed. Third, and most importantly, the Fiscal Court has no veto power over the actions of the directors.

Neither the good and wholesome considerations that motivated the 1958–1959 fiscal court in providing for a separate, non-political operation of the hospital, nor its exemplary and successful management in the interim, nor the role of local politics in the present controversy is relevant to the decision required of this court. We are confined strictly to the question of legal authority, and on that issue we find no room for choice.

The cases on which the hospital relies are correctly distinguished in the Fiscal Court's briefs. Both State Bank & Trust Co. v. Madison County, 275 Ky. 501, 122 S.W.2d 99 (1938), and Abernathy v. City of Irvine, Ky., 355 S.W.2d 159 (1962), were instances in which the public authority leased hospital property to another entity. In the *Madison County* case "the fiscal court of Madison County [was] vested with the control of the hospital." In the *City of Irvine* case the city did not undertake to have the hospital operated as a governmental institution. Neither Henderson County Board of Health v. Ward, 107 Ky. 477, 54 S.W. 725 (1900), nor Walker v. Henderson County, 23 KLR 1267, 65 S.W. 15 (1901), involved the hospital statute (KRS 216.040) which controls this case.

There is yet a simpler and more rudimentary solution of this particular con-

troversy. Though organized and given life at the instance of the 1959 fiscal court, the hospital corporation is a separate legal entity from the county. Whatever may be its powers, they are derived from its articles of incorporation and the general statutes (principally KRS Ch. 273) applicable to nonprofit corporations. The authority to manage anyone's hospital could come to it only from the owner of that hospital. The Fiscal Court did not, by sheer force of causing the articles of incorporation to be issued, make a contract with the corporation. The articles of incorporation were no more a grant of authority from the county than they were a deed of conveyance. Its corporate existence may continue, because certainly its charter remains valid, but the hospital corporation has neither an ownership interest nor a contract right to retain possession or control of the county's hospital facilities. It has been a mere tenant at will, holding at the pleasure of the landlord.

The judgment is reversed.

All concur.