HARDIN MEMORIAL HOSPITAL,
INC., Appellant,

v.

Eugene F. LAND, Commissioner of the Department of Labor of the Commonwealth of Kentucky, and Hardin County Fiscal Court, and Mitchell Overfelt Construction Company, Inc., Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1983.

John W. Bland, Jr., Elizabethtown, for appellant.

Mark L. Miller, Asst. Counsel, Dept. of Labor, Louisville, for appellee, Eugene F. Land.

T. Steven Bland, Hardin County Atty., Elizabethtown, for appellee, Hardin County Fiscal Court.

Damon R. Talley, Hensley, Talley & Dunn, Horse Cave, for appellee, Mitchell Overfelt.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

HOWERTON, Judge.

Hardin Memorial Hospital, Inc. appeals from a judgment of the Hardin Circuit Court determining it to be a "public authority" within the meaning of KRS 337.-010(3)(d). The trial court found the hospital to be a nonprofit corporation subject to the prevailing wage provisions of KRS 337.-505 to 337.550. The court ordered the hospital, the fiscal court, and Mitchell Overfelt Construction Co. to pay prevailing wages to workers involved in a renovation project for the hospital. The hospital and fiscal court were ordered to pay all costs of the action and to indemnify the contractor. The hospital argues that it is not a public authority and that the Department of Labor failed to prove that it was such an authority.

We have carefully considered this case and studied the opinion entered by Judge Coyle on January 11, 1982. We can only conclude that the essential facts, as found by the trial court, are supported by the record. We also conclude that the trial court has correctly applied the facts to the law and reached a proper determination and judgment. We adopt the opinion of the trial court as the opinion of this Court, and for the reasons set forth therein, the judgment is affirmed.

 The Commissioner of Labor has moved this Court to amend this opinion and publish it. We have granted the motion, and we now add the following essential excerpts from Judge Coyle's findings and judgment.

## "I. HISTORICAL BACKGROUND

The hospital in question is known as the Hardin Memorial Hospital located in Elizabethtown, Hardin County, Kentucky. The hospital ... is owned by Hardin County. The real property upon which the hospital building is constructed is in the name of Hardin County.

The land was acquired and the initial building was constructed as a result of the *Hill-Burton Act,* 42 U.S.C.A. Sec. 291 et seq.,

which made available a matching grant to Hardin County for the construction of the hospital. Hardin County passed a tax and issued bonds to raise the money necessary to match the Hill-Burton grant.

\* \* \* \* \* \*

Prior to the creation of Hardin Memorial Hospital, Inc. in 1980, the day-to-day management of the hospital was entrusted to a Board of Trustees appointed by the Fiscal Court.

\* \* \* \* \* \*

However, the management problems and conflicts between the Board of Trustees and the Fiscal Court deteriorated to such a point that in 1980 the Hardin Fiscal Court approved the creation of a non-profit corporation and further approved a lease arrangement wherein the corporation would manage the hospital and pay the Fiscal Court rent in the amount of $1 per year.

## II. HARDIN MEMORIAL HOSPITAL, INC.

At the meeting of the Hardin Fiscal Court on April 28, 1980, the Fiscal Court approved a resolution pertaining to the leasing of the hospital to a non-profit corporation.... In that resolution, the Hardin Fiscal Court ... recognized the need to maintain the power to control the long-range direction of Hardin Memorial Hospital while entrusting the daily management of operations to an organization of local citizens.

At its regular meeting on May 27, 1980, the Hardin Fiscal Court voted to approve 15 members to the hospital Board.

\* \* \* \* \* \*

... those same fifteen people signed the Articles of Incorporation of the Hardin Memorial Hospital, Inc., and named themselves therein as the original Board of Directors.

\* \* \* \* \* \*

Since October, 1980, Hardin Memorial Hospital, Inc., has been managing the day-to-day operations of Hardin Memorial Hospital. Prior to the formation of Hardin Memorial Hospital, Inc., the former Board of

Trustees and the Hardin Fiscal Court acquired a certificate of need for a major renovation project at the hospital. After the formation of Hardin Memorial Hospital, Inc. and the signing of the lease, the new Board wanted to proceed with the renovation project, and the certificate of need was transferred to the new corporation after approval by the appropriate state agency.

Thereafter, the contract was advertised for bids with there being no mention of a requirement concerning the prevailing wage law. Apparently, the Hardin Memorial Hospital, Inc. took the position that it was not a public authority and was therefore not subject to the prevailing wage laws.

In any event, the Defendant, Mitchell Overfelt Construction Company, Inc., was the successful low bidder; and a contract was entered into between Hardin Memorial Hospital, Inc. and Mitchell Overfelt to perform the renovation work at the hospital at an approximate contract price of $621,000.

The cost was financed by the hospital from its earned surplus which was earned primarily under the prior management but which was transferred to the new corporation when the change-over was made. It is assumed that part of the earned surplus has been earned while the hospital was being operated by the new corporation. In any event, there have been no tax dollars used to pay for the renovation project nor were any bonds sold or bond money used for such project.

Since Hardin Memorial Hospital, Inc. took the position that it was not a public authority, it did not send a notification of the renovation project to the Kentucky Department of Labor as required by KRS 337.-510(1). As luck would have it, however, the Plaintiff became aware of the renovation project and that the contract had been awarded to Mitchell Overfelt. The Director of the Division of Employment Standards and Mediation notified Hardin Memorial Hospital, Inc. in writing that in its opinion the non-profit corporation was a public authority and was not complying with KRS 337.510. Hardin Memorial Hospital, Inc. responded in writing by notifying the Di-

rector that it was its opinion that Hardin Memorial Hospital, Inc. was not a public authority and was therefore not subject to the prevailing wage laws.

The contract awarded to the Defendant, Mitchell Overfelt, did not contain a provision to the effect that the prevailing wage scale for this locality would be paid to all laborers, workmen and mechanics performing work on the renovation project. As a result, none of the laborers, workmen or mechanics performing work on this renovation project at the hospital were paid the applicable prevailing rates of wages for this locality.

## III. APPLICABLE LEGISLATION

\* \* \* \* \* \*

### KRS 337.010(3)(d) (1978 Amendment)

"Public authority" means any officer, board, or commission of this state, or any political subdivision or department thereof in the state, or any institution supported in whole or in part by public funds, including publicly owned or controlled corporations, authorized by law to enter into any contract for the construction of public works *and any non-profit corporation funded to act as an agency and instrumentality of the government agency in connection with the construction of public building facilities, including but not limited to the types of entities funded through revenue bonds.* (Emphasis added)

### KRS 337.010(3)(e)

"Public works" includes all buildings, roads, streets, alleys, sewers, ditches, sewer disposal plants, water works and all other structures or work constructed under contract with any public authority.

\* \* \* \* \* \*

## IV. ISSUE AND OPINION

The Complaint alleges that the Defendants, Hardin Memorial Hospital, Inc. and the Hardin Fiscal Court are both public authorities as defined in KRS 337.010(3)(d) and that they violated KRS 337.510 by failing to notify the Department of Labor in writing of a remodeling construction project to be

done at the Hardin Memorial Hospital and failing to insert in the contract awarded to the Defendant, Mitchell Overfelt Construction Company, Inc., a stipulation that not less than the prevailing hourly rate of wages shall be paid to all laborers, workmen and mechanics performing work under the contract.

\* \* \* \* \* \*

The issue in this case is very clear-cut. Simply stated, it is whether or not the Hardin Memorial Hospital, Inc., a non-profit corporation, can get around or avoid the prevailing wage provisions of KRS 337.505 to 337.550 on the grounds that it is not a public authority as defined by KRS 337.-010(3)(d). If it is not a public authority, then it need not pay the prevailing wage rate for the renovation project. But if, on the other hand, it is a public authority, then the prevailing wage rates shall be paid to the workers. The bottom line will mean a significant cost increase for the Hardin Memorial Hospital on this project and for future projects.

\* \* \* \* \* \*

The 1978 amendment [KRS 337.010(3)(d)] extends the definition to any non-profit corporation funded to act as an agency or instrumentality of a governmental agency. This amendment to the statute may have been added to close the loophole concerning public property holding companies. It is interesting to note that the 1978 amendment was adopted after the Attorney General of Kentucky issued OAG 76–638 wherein he opined that the Elizabethtown Public Properties Holding Company, Inc., did not fall within the definition of "public authority" as that term was defined under the law in effect in 1976. . . .

Hardin Memorial Hospital is without question a public hospital owned by a public authority, and its construction and additions thereto are public works. Title to the land and buildings is specifically held in the name of Hardin County. The Lease between Hardin Memorial Hospital, Inc. and the Hardin Fiscal Court may be canceled at any time by the Hardin Fiscal Court. Under the terms of the Lease, the Lessor shall have the right to terminate the Lease at any time without notice when the demised property shall be necessary or expedient to the Lessor in the performance of any public obligation or duty. (See Section 8 of said Lease.) In addition, the Lease may be canceled by either party with sixty days notice without cause. (See Section 18 of said Lease.)

The Hardin Fiscal Court further retains specific control over the additions to the hospital building. Section 5 of the Lease provides that the Lessee shall not make any material alterations to the premises or grounds, either interior or exterior, without the expressed written permission of the Hardin Fiscal Court. Further, all real additions or renovations made by Hardin Memorial Hospital, Inc. to the hospital are not solely for the benefit of the non-profit corporation because at the termination of the Lease the entire property, even in its improved condition, belongs to Hardin County.

Hardin Memorial Hospital, Inc. further takes on the appearance of a public authority by reason of Sections 27 and 28 of the Lease which provide that the Lessee shall conduct its meetings in conformity with the open meetings law and that its records shall be kept in conformity with the open records law as required by Chapter 61 of the Kentucky Revised Statutes.

Article VIII of the Articles of Incorporation provides that in the event a vacancy shall occur in the directorship of the corporation by reason of resignation, incapacity or expiration of term, a successor shall be elected by the Fiscal Court of Hardin County pursuant to the procedure established by the resolution of the Hardin Fiscal Court, and the Fiscal Court retains the right to remove any director, initial or successor, with or without cause.

This Court concludes that the Articles of Incorporation give ultimate control of the Hardin Memorial Hospital to the Hardin Fiscal Court. This Court is further of the opinion that the Hardin Memorial Hospital, Inc., is merely a conduit or alter ego through which the Hardin Fiscal Court

hopes to achieve stability in management operations of the hospital but retaining for itself full ownership of the property and final control and responsibility for the hospital and its additions.

In addition, this Court finds and concludes that the funds used by the Hardin Memorial Hospital, Inc. for the construction of the renovation project are public funds, whether same were earned from the operations of the hospital or were derived from the proceeds of the sale of bonds.

\*　　\*　　\*　　\*　　\*　　\*

This Court notes from the Articles of Incorporation that the Hardin Memorial Hospital, Inc. was organized exclusively for charitable, educational and scientific purposes and that the main purpose was to lease the hospital from Hardin County and to operate same exclusively for charitable, educational and scientific purposes in a manner to qualify it as an exempt organization under Section 501–C–3 of the Internal Revenue Code of 1954. Hardin Memorial Hospital, Inc. was created pursuant to KRS 273.160 to 273.390 as a non-profit corporation.

The Defendants claim that the 1978 amendment to KRS 337.010(3)(d) concerning non-profit corporations was added to cover non-profit corporations created under KRS 58.-150. Even though the vote was not unanimous, Hardin Memorial Hospital, Inc. was created pursuant to a resolution by and with the blessing of the Hardin Fiscal Court as the most recent attempt to resolve the history of controversy. Hardin Memorial Hospital is so akin and similar to a corporation created pursuant to KRS 58.150 that one might think we have a clone. Even though this corporation may not have been created to renovate the hospital outside the provisions of KRS Chapter 337, the mere fact that the project was completed afterwards should not allow Hardin County to avoid paying the prevailing wages. We must also keep in mind that the certificate of need for this renovation project was acquired by the Hardin Fiscal Court and the former Board of Trustees prior to the formation of Hardin Memorial Hospital, Inc. and that the certificate was thereafter transferred to the newly formed Hardin Memorial Hospital, Inc. in order to complete the project. Therefore, the renovation project was not a complete afterthought subsequent to the formation of Hardin Memorial Hospital, Inc.

The Defendants rely on the case of *Abernathy v. City of Irvine,* Ky., 355 S.W.2d 159 (1962), . . . .

\*　　\*　　\*　　\*　　\*　　•\*

The Defendants cite this case as authority for the proposition that if a hospital is to be maintained as a governmental institution, it is to be controlled and managed by public officials. This Court finds that the *Abernathy* case is not in point with the present case and is clearly distinguishable. First of all, the City of Irvine and the County of Estill entered into a long-term lease with the Sisters, and while the Court of Appeals decision did not so state, this Court speculates that the city fathers of Irvine and the magistrates of the County of Estill had very little control, if any, over the Benedictine Sisters of Covington.

The issue of prevailing wages was not involved in the *Abernathy* case; and had the Hardin Fiscal Court leased the hospital to the Benedictine Sisters or another religious order, this Court might well find that the construction is not being performed by a public authority and is therefore not subject to the prevailing wage laws. The issue is one of control. This Court would still have the problem with the fact that the property in Estill County is still a public building and is a public project; however, it is certainly clear that the Benedictine Sisters of Covington are not a public authority as defined by KRS 337.010(3)(d), and they are certainly not a non-profit corporation formed under KRS 58.180. Further, the lease between Hardin Memorial Hospital, Inc. and the Hardin Fiscal Court is a day-to-day lease with a day-to-day Board. On the other hand, the Benedictine Sisters could not be fired, dissolved or controlled by the lessors: In our case, the Hardin Memorial Hospital, Inc. can be fired, dissolved or totally altered to suit the wishes of the Hardin Fiscal Court.

The parties further rely on the case of *Gregory v. City of Lewisport,* Ky., 369 S.W.2d 133 (1963). In that case, the project involved the construction of a plant for Harvey Aluminum Company with the City of Lewisport paying the construction costs in stages as the work progressed. The prevailing wage issue arose, and the Court of Appeals ruled that the prevailing wage did not apply. The Court did say that the plan had a legitimate purpose, that being to ensure that the building would conform with the requirements of Harvey Aluminum for whose use the building was designed; but the Court believed that the statute in question was aimed primarily for the construction of buildings for public use. The Court went on to say that the building was being acquired for use by a private industry, and the Court should not search for possible motives of evasion of paying prevailing wages in the plan of acquisition of the building if the plan did not literally violate the statutes and if it has an apparent legitimate purpose.

\* \* \* \* \* \*

Both sides in this action rely on the case of *Knox County Fiscal Court v. Knox County General Hospital, Inc.,* Ky., 528 S.W.2d 672 (1975). The issue in that case was whether or not the Fiscal Court had the authority to void a contract with the Knox County General Hospital which had exclusively operated the hospital since its inception. The Court of Appeals found that the Fiscal Court did have the power to terminate the lease; and in its Opinion, the Court of Appeals stated that the Articles of Incorporation were no more a grant of authority from the county than they were a deed of conveyance. Its corporate existence may continue because certainly its charter remains valid; but where the hospital corporation has neither an ownership interest nor a contract right to retain possession or control of the county's hospital facility, it has been a mere tenant at will holding at the pleasure of the landlord.

Such is the case of the Hardin Memorial Hospital, Inc. It is merely a tenant at the will of the Hardin Fiscal Court and at the pleasure of the landlord; and the membership on the Board of Directors of Hardin Memorial Hospital, Inc. is purely and simply at the pleasure of the Hardin Fiscal Court.

In many circumstances, the applicability of the prevailing wage laws are personally repugnant to this Court. For example, the law might require that a specific worker be paid $12 an hour when working on a public project instead of his normal $6 per hour when working on a private project. This Court seriously doubts that the productivity of that worker is increased two-fold by simply working on a public job rather than a private one. Apparently, however, the prevailing wage laws have withstood the test of constitutionality.

\* \* \* \* \* \*

The pleadings reveal that the construction company has cross-claimed against Hardin Memorial Hospital, Inc. and the Hardin Fiscal Court for indemnity; and since neither the Hardin Fiscal Court nor Hardin Memorial Hospital, Inc. advertised or required in its contract that the prevailing wage be paid, then the construction company is entitled to indemnification by Hardin Memorial Hospital, Inc. and the Hardin Fiscal Court.

This Court finds and concludes that the Plaintiff served notice of the alleged deficiency on the Hardin Memorial Hospital, Inc. but did not serve notice specifically on the Hardin Fiscal Court. However, the Court finds that Hardin Memorial Hospital, Inc. is an agent or authority acting on behalf of the Hardin Fiscal Court; and therefore, notice to Hardin Memorial Hospital, Inc. is tantamount to notice to the Hardin Fiscal Court. Therefore, the Hardin Fiscal Court is a proper party to this action.

Finally, this Court finds that no Defendant or member thereof acted willfully because they all acted on the advice of competent counsel. Therefore, the Court concludes that no criminal fines or penalties should be imposed as set out in KRS 337.990(9).

### ORDER AND JUDGMENT

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Defendants, Mitchell Overfelt Construction

Company, Inc., Hardin Memorial Hospital, Inc. and the Hardin County Fiscal Court recompute the contract for the renovation project that is the subject matter of this action to an amount sufficient to pay the prevailing wages to the eligible workers and employees of Mitchell Overfelt Construction Company, Inc. who performed work on said project.

IT IS FURTHER ORDERED that such workers be paid the difference between the applicable prevailing wage rates to which they are entitled and their wages actually paid, less any payroll taxes and other payroll deductions which would normally be deducted therefrom.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, Mitchell Ov-erfelt Construction Company, Inc. be and is hereby granted indemnity and a Judgment over and against the Hardin Memorial Hospital, Inc. and the Hardin County Fiscal Court for any sums it may be required to pay to such eligible workers pursuant to this Order and Judgment.

* * *"

All concur.