**LOUISVILLE WATER COMPANY,**
Appellant,

v.

**John Calhoun WELLS, Commissioner of Labor, Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1984.

Frank X. Quickert, Jr., Director, City of Louisville, Dept. of Law, Lawrence L. Pedley, Michael W. Lowe, Pedley, Ross & Zielke, Louisville, for appellant.

Mark L. Miller, Asst. Counsel, Kentucky Dept. of Labor, Louisville, for appellee.

Before HOWERTON, LESTER and REYNOLDS, JJ.

HOWERTON, Judge.

The Louisville Water Company appeals from a summary judgment in the Jefferson Circuit Court requiring it to comply with the prevailing wage provisions of KRS Chapter 337. The primary question we must determine is whether the term "city," as used in KRS 337.010(3)(e), includes agencies or municipally-owned corporations such as the Louisville Water Company. If we conclude that the company is included in the term "city," it will be exempt from paying the prevailing wage rate requirements in its expansion project; but,

if we determine that the company is not a "city" within the meaning of the statute, it will be required to pay the higher wage rates.

The Louisville Water Company is clearly a "public authority" within the statutory definition of KRS 337.010(3)(d). It is also a "public works" within the definition of KRS 337.010(3)(e). Construction projects for public works by a public authority generally require payment of prevailing wage rates. KRS 337.010(3)(e) concludes, however, "the provisions of this section shall not apply to construction conducted by a city, county, urban-county government or school district unless such construction is financed with fifty percent (50%) or more of state funds."

The Kentucky Department of Labor notified the Louisville Water Company in November 1982 that it had improperly failed to comply with the statutes and pay the prevailing wage rates on its projects. The company filed this action seeking a declaratory judgment and injunctive relief. Both parties moved for a summary judgment, and such was granted in favor of the Department of Labor.

The Louisville Water Company is wholly owned by the City of Louisville. Its managing board is appointed by the mayor and elected officials of the City of Louisville. Its management is in the Board of Waterworks, and it is a corporate entity with the power to make contracts and to sue and be sued. The water company pays no income taxes or property taxes and it furnishes water to the City of Louisville free of charge. Its operations are guided primarily by KRS Chapter 96.

We agree with the Louisville Water Company that it is an agency of the City of Louisville, but we cannot agree that it is a "city" within the meaning of KRS 337.-010(3)(e). Therefore, it is not entitled to the exemption.

In *Dolan v. Louisville Water Co.*, 295 Ky. 291, 174 S.W.2d 425 (1943), the court concluded, "that the Louisville Water Company now is and has been since its incorporation pursuant to the Act of March 6, 1954, a distinct corporate entity separate and apart from the City of Louisville . . . ." 295 Ky. at 301, 174 S.W.2d 425. We also note that in *McIntosh v. Electric & Water Plant Board of Frankfort,* Ky., 394 S.W.2d 471 (1965), the Electric and Water Plant Board was not a "city" within the meaning of KRS 411.110, which requires a special notification to a city by an individual intending to sue it. The limitation was not applicable to the board.

Cities and counties perform some of their governmental and proprietary functions through boards and agencies. These boards and agencies are frequently separate corporations or bodies-politic. Each has its own power to sue and be sued and to function separately from the parent. Agencies, government-owned corporations, and boards provide a method for local governments to operate proprietary functions as businesses and to delegate the management to experts. They may also be used to cushion the politicians from the public in governmental or proprietary activities. The fact remains, however, that the bodies exist and operate independently from the city or county in many ways.

The Louisville Water Company cites *Hardin Memorial Hospital, Inc. v. Land,* Ky. App., 645 S.W.2d 711 (1983), in support of its argument that the water company is the "alter ego" of the city. We determined in *Hardin Memorial Hospital* that the hospital was a "public authority." A hospital is not a normal institution that would be a public authority, but it was in that situation because the county operated the hospital and the "alter ego" characterization was used to explain the relationship. We did not determine, however, that the hospital was a county. The same result occurs in this case when we must conclude that the Louisville Water Company is not a "city."

■ Prior to 1982, the statutes provided no exclusions from prevailing wage rates for public works projects. The language of the statute pertaining to the exclusion reads, "a city, county, urban-county government or school district." The language is plain and unambiguous. We find nothing

in the statute capable of expanding it to include the Louisville Water Company or such things as water districts, sewer districts, or fire districts. Each of those entities may be a creation of a local governmental body or be authorized by state statutes, and each may operate on its own revenues or be supported by taxation, but none are included in the exclusion. A general rule of statutory construction is that the enumeration of particular things excludes other items which are not specifically mentioned. *Smith v. Wedding,* Ky., 303 S.W.2d 322 (1957).

If the exclusion is to be broadened to cover such public authorities and agencies of governments, the legislature will have to make the change. If the General Assembly truly desires to broaden the exclusion, exemptions could be simply provided for all "public authorities" which construct public works with less than 50 percent of state-appropriated funds.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.